# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF POLITICO LLC FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING KASHYAP PATEL | ) ) ) ) ) ) ) | Case No. 1:25-mc-7-JEB (D.D.C.) |

### RESPONSE OF THE UNITED STATES TO APPLICATION OF POLITICO LLC FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS <u>CONCERNING KASHYAP PATEL</u>

**TABLE OF CONTENTS**

INTRODUCTION ...................................................................................................................................1

BACKGROUND ....................................................................................................................................2

I.       The Grand Jury Subpoena of Kash Patel..................................................................................2

II.     The Application........................................................................................................................3

ARGUMENT..........................................................................................................................................4

I.       Records Concerning the Patel Subpoena Can Be Released in Redacted Form, But Matters Not Disclosed by the Government or Patel Remain Secret ..................................4

         A.     Legal Principles Regarding Grand Jury Secrecy.......................................................4

         B.     Judicial Records Concerning the Patel Subpoena Can Be Released in Redacted Form....................................................................................................7

II.     No First Amendment Right of Access Exists to Grand Jury Materials, Including Opinions and Orders Concerning Grand Jury Disputes .......................................................9

CONCLUSION.....................................................................................................................................14

## TABLE OF AUTHORITIES

**Cases**

*Bartko v. U.S. Dep't of Just.*,
　898 F.3d 51 (D.C. Cir. 2018) ...........................................................................................5, 8

*Branzburg v. Hayes*,
　408 U.S. 665 (1972) ..............................................................................................................4

* *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*,
　441 U.S. 211 (1979) ................................................................................................ 4, 10, 11

*Forbes Media LLC v. United States*,
　61 F.4th 1072 (9th Cir. 2023)......................................................................................12, 13

*Globe Newspaper Co. v. Superior Ct. for Cnty. of Norfolk*,
　457 U.S. 596 (1982) ...........................................................................................................13

*Hodge v. FBI*,
　703 F.3d 575 (D.C. Cir. 2013) ...........................................................................................5, 9

* *In re Application of Politico*,
　No. 23-5071, 2024 WL 1739096 (D.C. Cir. Apr. 23, 2024)..................................................6, 7

* *In re Grand Jury Subpoena, Judith Miller ("Miller I")*,
　438 F.3d 1141 (D.C. Cir. 2006) .......................................................................................5, 10

* *In re Grand Jury Subpoena, Judith Miller ("Miller II")*,
　493 F.3d 152 (D.C. Cir. 2007) .................................................................................... 6, 9, 12

* *In re Motions of Dow Jones & Co.*,
　142 F.3d 496 (D.C. Cir. 1998) .................................................................................... passim

*In re North*,
　16 F.3d 1234 (D.C. Cir. 1994) ..............................................................................................6

* *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc.
　Concerning Former Vice President Pence*,
　678 F. Supp. 3d 135 (D.D.C. 2023)................................................................................ 1, 6, 8

*In re Sealed Case*,
　199 F.3d 522 (D.C. Cir. 2000) .......................................................................................5, 10

*In re Subpoena to Testify Before Grand Jury Directed to Custodian of Recs.*,
　864 F.2d 1559 (11th Cir. 1989)............................................................................................11

* *McKeever v. Barr*,
　920 F.3d 842 (D.C. Cir. 2019) ....................................................................................5, 6, 11

*   *Press-Enterprise Co. v. Superior Ct. of Cal. for Riverside Cnty.*,
      478 U.S. 1 (1986) .................................................................................................. 10, 11

*United States v. Index Newspapers LLC*,
   766 F.3d 1072 (9th Cir. 2014) .................................................................................... 12

*United States v. Sells Eng'g, Inc.*,
   463 U.S. 418 (1983) ..................................................................................................... 4

*United States v. Smith*,
   123 F.3d 140 (3d Cir. 1997) ....................................................................................... 11

*United States v. Williams*,
   504 U.S. 36 (1992) ....................................................................................................... 4

## **Rules**

Fed. R. Crim. P. 6(e) ............................................................................................................ 5

## **Other Authorities**

*FBI Director Nominee Kash Patel Testifies at Confirmation Hearing, Part 2*, C-SPAN (Jan. 30, 2025),
   https://www.c-span.org/program/senate-committee/fbi-director-nominee-kash-patel-testifies-at-confirmation-hearing-part-2/655100) ................................................................. 3, 9

## INTRODUCTION

Petitioner seeks access to judicial records involving disputes regarding a subpoena that a grand jury in this District issued to now-Director of the Federal Bureau of Investigation ("FBI") Kashyap ("Kash") Patel. As described in this Response, those records can be released in redacted form, but they must be redacted to maintain the secrecy of matters occurring before the grand jury that are protected by Federal Rule of Criminal Procedure 6(e).

Petitioner argues that the records sought are no longer protected by Rule 6(e) because information about litigation surrounding the Patel subpoena has been disclosed in press reporting relying on anonymous sources, in a public filing by the government in a criminal case, and in Patel's testimony in his confirmation hearing before the Senate. Under well established precedent, such press reports do not lift Rule 6(e) secrecy, but public disclosures by the government or a witness can do so. Still, the Court must "reveal[] only those matters before the grand jury" that the government or a witness has disclosed, leaving "[a]ll other 6(e) material . . . tucked safely behind the grand jury's closed doors." *In re Press Application for Access to Jud. Recs. Ancillary to Certain Grand Jury Proc. Concerning Former Vice President Pence*, 678 F. Supp. 3d 135, 146 (D.D.C. 2023). The Court can release redacted versions of the records sought by Petitioner. However, certain matters occurring before the grand jury were not disclosed by the government or Patel, including the factual subject matter of the information sought from Patel, the substance of his grand jury testimony, and the direction of the investigation. Therefore, the records must be redacted to protect the secrecy of those matters occurring before the grand jury.

Petitioner also argues that the First Amendment guarantees a right of access to the Court's opinions and orders regarding the Patel subpoena. This argument fails. The D.C. Circuit and many other courts have squarely held that there is no First Amendment right of access to grand jury proceedings, including judicial opinions and orders resolving disputes over grand jury

1

evidence, because grand jury proceedings have not historically been open to the public, and the functioning of grand juries depends on secrecy.

## BACKGROUND

### I. The Grand Jury Subpoena of Kash Patel

A grand jury in this District conducted an investigation that led to an indictment of then-former President Trump and Waltine Nauta in the Southern District of Florida. *See* Indictment, *United States v. Trump*, No. 9:23-cr-80101-AMC (S.D. Fla. June 8, 2023), ECF No. 3.[1] The government made a filing in the criminal case that was later unsealed, *see* Attachment A, *United States v. Trump*, No. 9:23-cr-80101-AMC (S.D. Fla. Aug. 11, 2023), ECF No. 115-1,[2] containing information about a subpoena that this grand jury issued to Patel. Specifically, that filing disclosed: (1) The grand jury issued a subpoena to Patel in September 2022, commanding him to testify. *Id.* at 77. (2) After negotiations regarding the timing of Patel's testimony, Patel filed a motion to quash the subpoena, arguing that his counsel was unavailable and that requiring Patel to appear would violate his constitutional rights. *Id.* at 77-78. (3) This Court denied the motion to quash and required Patel to appear as scheduled. *Id.* at 78. (4) Patel appeared, and during his testimony, declined to answer certain questions on the basis of the rights afforded by the Fifth Amendment. *Id.* (5) The government then moved to compel Patel's further testimony. *Id.* (6)

---

[1] A grand jury later returned a superseding indictment that added Carlos De Oliveira as a defendant. *See* Superseding Indictment, *United States v. Trump*, No. 9:23-cr-80101-AMC (S.D. Fla. July 27, 2023), ECF No. 85. The district court later entered an order dismissing the Superseding Indictment, holding that the Special Counsel who led the prosecution was unconstitutionally appointed. Order Granting Motion to Dismiss Superseding Indictment Based on Appointments Clause Violation, *United States v. Trump*, No. 9:23-cr-80101-AMC (S.D. Fla. July 15, 2024), ECF No. 672. Although the government initially appealed from this order, the government later filed an unopposed motion to dismiss the appeal, which the Eleventh Circuit granted. Transmission of Court's Order of Dismissal, *United States v. Trump*, No. 9:23-cr-80101-AMC (S.D. Fla. Feb. 11, 2025), ECF No. 716.

[2] Citations to this document are to the ECF page numbers at the top of the page, not to internal pagination.

2

The Court granted that motion, contingent on the government offering statutory immunity to Patel. *Id.* at 78-79. (7) The government granted Patel statutory immunity. *Id.* at 79. (8) Following additional discussions regarding the timing of Patel's testimony, Patel testified a second time before the grand jury. *Id.* at 79-80.

After winning the November 2024 election, President Trump nominated Patel to serve as Director of the FBI. On January 30, 2025, Patel testified regarding his confirmation before the Senate Judiciary Committee. *See FBI Director Nominee Kash Patel Testifies at Confirmation Hearing, Part 2*, C-SPAN (Jan. 30, 2025) https://www.c-span.org/program/senate-committee/fbi-director-nominee-kash-patel-testifies-at-confirmation-hearing-part-2/655100 ("Patel Confirmation Testimony"). During that hearing, a Senator questioned Patel about his grand jury testimony. *See id.* at 3:13-7:19. Patel confirmed that he was subpoenaed by and testified before the grand jury, he invoked his constitutional rights under the Fifth Amendment, and he was ultimately compelled to testify before the grand jury by court order. *Id.* at 3:13-4:34. When asked repeatedly about the substance of his grand jury testimony, Patel referred the questioning Senator to the transcript of his grand jury testimony and did not describe the substance of his testimony. *Id.* at 6:11-7:19.

## II.   The Application

On February 10, 2025, Petitioner filed the Application, which was docketed as a miscellaneous case before this Court. *See* Appl. of Politico LLC for Access to Judicial Records Ancillary to Certain Grand Jury Proceedings Concerning Kashyap Patel, ECF No. 1 ("Application" or "Appl.").[3] Petitioner requests "access to all judicial records pertaining to the

---

[3] This document contains an application and a memorandum of points and authorities, each of which are internally paginated. In citing the Application, this memorandum uses the ECF page numbers at the top of each page.

Government's motion to compel Kashyap ('Kash') Patel to comply with a grand jury subpoena that he received on or around September 19, 2022, as well as Patel's motion to quash and related court filings." *Id.* at 1. Specifically, Petitioner seeks "the grand jury subpoena, Patel's motion to quash that subpoena, the Government's motion to compel Patel's testimony, any briefing in support or opposition and all exhibits thereto, the transcript(s) of any hearing(s) on those motions, and any opinions or orders the Court issued adjudicating the motions." *Id.* at 5-6. In its Application, in addition to citing the public government court filing described above and Patel's confirmation hearing testimony, Petitioner also cites press reporting on the investigation based on anonymous sources. *See id.* at 9-10.

## ARGUMENT

I.  **Records Concerning the Patel Subpoena Can Be Released in Redacted Form, But Matters Not Disclosed by the Government or Patel Remain Secret**

   A.  **Legal Principles Regarding Grand Jury Secrecy**

The federal grand jury occupies a unique and important position in our criminal justice system. "It serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'" *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423 (1983) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686–87 (1972)). Accordingly, it "serv[es] as a kind of buffer or referee between the Government and the people." *United States v. Williams*, 504 U.S. 36, 47 (1992). To fulfill this important role, the grand jury has "always" been afforded "extraordinary powers of investigation" and "great responsibility for directing its own efforts." *Sells Eng'g*, 463 U.S. at 423. The Supreme Court "consistently [has] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979). Both "grand jury proceedings and related matters operate under a strong

4

presumption of secrecy." *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000). This rule of secrecy is "so well established" that the D.C. Circuit has noted "a plethora of authority recognizing that the grand jury context presents an unusual setting where privacy and secrecy are the norm." *In re Grand Jury Subpoena, Judith Miller* ("*Miller I*"), 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting *In re Sealed Case*, 199 F.3d at 526).

Federal Rule of Criminal Procedure 6(e) implements the traditional rule of grand jury secrecy. It prohibits virtually every person privy to grand jury proceedings — other than witnesses or their counsel — from "disclos[ing] a matter occurring before the grand jury." Fed. R. Crim. P. 6(e)(2)(B). Covered individuals include grand jurors, interpreters, court reporters, and attorneys for the government. *See id.* Rule 6(e) requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before the grand jury." *Id.* at 6(e)(6). Matters occurring before the grand jury include "not only what has occurred and what is occurring, but also what is likely to occur" in the grand jury's investigation. *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998). The Rule covers all "information that would 'tend to reveal some secret aspect of the grand jury's investigation, including the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, or the deliberations or questions of jurors.'" *Bartko v. U.S. Dep't of Just.*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013)). Rule 6(e) also covers "the fact that [a witness] was subpoenaed to testify" and "the fact that he invoked [a] privilege in response to questions." *Dow Jones*, 142 F.3d at 501. Rule 6(e) contains certain exceptions to the rule of grand jury secrecy, but that "list of exceptions is exhaustive." *McKeever v. Barr*, 920 F.3d 842, 845 (D.C. Cir. 2019). Grand jury secrecy does not expire upon the conclusion of an investigation or a criminal case. *See*

5

*id.* at 843-44 (holding that records from a grand jury investigation during the 1950s remained protected by Rule 6(e)).

Despite the general rule of grand jury secrecy, under certain circumstances, "when once-secret grand jury material becomes 'sufficiently widely known,' it may 'los[e] its character as Rule 6(e) material.'" *In re Grand Jury Subpoena, Judith Miller* ("*Miller II*"), 493 F.3d 152, 154 (D.C. Cir. 2007) (alteration in original) (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994)). One way that "grand jury matters may lose their protection" is "if prosecutors publicly disclose them." *In re Application of Politico*, No. 23-5071, 2024 WL 1739096, at *3 (D.C. Cir. Apr. 23, 2024) (citing *North*, 16 F.3d at 1245). Public disclosure of grand jury matters "by a witness before the grand jury, or a witness's attorney" can also lift grand jury secrecy. *Id.*

By contrast, press reporting based on anonymous sources does not undermine grand jury secrecy. *See id.* at *3 ("Anonymous leaks, however, do not strip Rule 6(e) protection from grand jury matters."); *see also Dow Jones*, 142 F.3d at 505 (matters occurring before grand jury did not lose Rule 6(e) protection "because of press reports relying on unnamed sources").

Even when a disclosure has lifted grand jury secrecy over the disclosed information, that does not eliminate Rule 6(e)'s protection for all matters occurring before the grand jury. Rather, "materials" that "concern still-secret grand jury matters . . . must remain sealed." *Miller II*, 493 F.3d at 154. Documents containing grand jury matters can be revealed "only to the extent that they have been previously revealed," but "[g]rand jury material not yet publicly disclosed" must "remain redacted." *Id.* at 155. Therefore, courts regularly order limited unsealing concerning grand jury matters already made public, while holding that documents must remain secret insofar as they discuss grand jury matters not publicly disclosed. *See, e.g., id.* at 154-55; *Pence*, 678 F. Supp. 3d at 143 (describing the scope of "appropriate redactions" to materials concerning a grand

6

jury privilege dispute, so that discussion of matters occurring before the grand jury is redacted "to the extent that [the grand jury witness's] disclosures do not already reveal them").

> B.  **Judicial Records Concerning the Patel Subpoena Can Be Released in Redacted Form**

Petitioner has cited three categories of disclosures that it contends support access to judicial records concerning the Patel subpoena: (1) press reports relying on unnamed sources, (2) a now-public government filing in *United States v. Trump*, No. 9:23-cr-80101-AMC, ECF No. 115-1, and (3) Patel's public testimony at his confirmation hearing.  *See* Appl. 9-10.  The first category of information "do[es] not strip Rule 6(e) protection from grand jury matters." *In re Application of Politico*, 2024 WL 1739096, at *3.  The second and third categories — public disclosures by the government and a grand jury witness — are of the type that can lift grand jury secrecy.  As described above, the government and Patel have made limited public disclosures about the grand jury subpoena to Patel and the litigation surrounding it.  *See supra*, pp. 2-3.  Based on these disclosures, the Court can release the records sought by Petitioner in redacted form.  However, the records must be redacted to prevent disclosure of any matters occurring before the grand jury that were not disclosed by the government or Patel, which remain protected by Rule 6(e).  In particular, neither the government nor Patel has disclosed the factual subject matter of the information the grand jury sought from Patel, the substance of his grand jury testimony, or how the government sought to use the information obtained from Patel for the investigation.  Any reference to such matters in the materials sought by Petitioner must be redacted.

This Court's approach to redactions in *Pence* is instructive.  "In a series of three public statements," former Vice President Pence or his spokesperson disclosed that: (1) he had received a grand jury subpoena and intended to resist it; (2) he contested the subpoena on the basis that the Speech and Debate Clause protected him from being subpoenaed to testify regarding his role

7

presiding over the joint session of Congress on January 6, 2021; (3) the federal judge had "accepted [his] argument," at least in part, and "recognized that the Constitution's speech and debate provisions do apply to the Vice President when one is serving as president of the Senate," although under the court's ruling, "other testimony might be required"; and (4) he decided "not [to] appeal the Judge's ruling" and instead decided to "comply with the subpoena as required by law." *Pence*, 678 F. Supp. 3d at 138-39 (first alteration in original) (citations omitted). The Court concluded that certain materials concerning the dispute over the subpoena could be released, because "Pence's public statements disclose his constitutional challenge to the subpoena, this Court's partial rejection of that challenge, and his intent to testify before the grand jury." *Id.* at 142.

Nonetheless, despite former Vice President Pence's public disclosures, this Court held that the materials it released had to be redacted in significant part to protect the secrecy of matters occurring before the grand jury that former Vice President Pence had not disclosed. For example, this Court concluded that documents, including a judicial opinion resolving the privilege dispute, "must be redacted to remove any references to the parties' or the Court's understanding of what, if any, specific testimony the grand jury sought from Pence or the factual or strategic basis for such subpoena — to the extent that his disclosures do not already reveal them." *Id.* at 143; *accord id.* ("Information about any specific testimony the grand jury may seek from Pence can be similarly redacted." (citation omitted)).

By the same token, records here must be redacted to remove references to the factual subject matter of the information sought from Patel by the grand jury, the substance of his grand jury testimony, or how the information sought from Patel fit with the government's strategy for the investigation. Those are clearly matters occurring before the grand jury that are protected by Rule 6(e). *See Bartko*, 898 F.3d at 73 (matters occurring before grand jury include "the substance

8

of testimony" or "the strategy or direction of the investigation" (quoting *Hodge*, 703 F.3d at 580)). The government filing relied on by Petitioner makes no mention of the factual matter covered by the subpoena or Patel's testimony. *See United States v. Trump*, No. 9:23-cr-80101-AMC, ECF No. 115-1, at 77-80. And when asked repeatedly about the substance of his testimony, Patel responded by referring the questioning Senator to his non-public grand jury transcript. *See* Patel Confirmation Testimony at 6:11-7:19. Accordingly, such matters remain protected by Rule 6(e). In addition, it is appropriate to redact certain identifying information, such as addresses, telephone numbers, email addresses, and the names of individuals whose involvement with this investigation have not been publicly disclosed by the government.

The government requests an opportunity to make an *ex parte* sealed submission to the Court containing proposed redactions of the requested records, reflecting what parts of the records can be released consistent with Rule 6(e) and governing law.[4]

## II. No First Amendment Right of Access Exists to Grand Jury Materials, Including Opinions and Orders Concerning Grand Jury Disputes

Petitioner argues that the Court should release a subset of the requested records — "the opinions and orders related to the Patel subpoena" — based on "the First Amendment Right of Access." Appl. 14. This argument fails because "'there is no First Amendment right of access to grand jury proceedings,' nor do First Amendment protections extend to ancillary materials dealing with grand jury matters, such as" a judicial "opinion" addressing a dispute over grand jury subpoenas. *Miller II*, 493 F.3d at 154 (quoting *Dow Jones*, 142 F.3d at 499); *see also Dow Jones*, 142 F.3d at 499 (deeming it a "settled proposition" that "there is no First Amendment right of access to grand jury proceedings").

---

[4] Undersigned counsel received a set of records from the proper channels within the Department of Justice. Upon review of those records, counsel determined that some of the records at issue were not included. Counsel will be requesting the remaining records from the Court.

9

The Supreme Court has held that the First Amendment right of access to criminal proceedings is governed by tests of "experience and logic." *Press-Enterprise Co. v. Superior Ct. of Cal. for Riverside Cnty.*, 478 U.S. 1, 9 (1986). Under the experience test, courts "consider[] whether the place and process have historically been open to the press and general public." *Id.* at 8. Under the logic test, courts "consider[] whether public access plays a significant positive role in the functioning of the particular process in question." *Id.* Only if "the particular proceeding in question passes these tests of experience and logic" does "a qualified First Amendment right of public access attach[]." *Id.* at 9. Where such a qualified right of access applies, proceedings can still be closed where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 13-14 (citation omitted). But no qualified First Amendment right of access exists here. Grand jury proceedings fail both tests of experience and logic necessary to support a First Amendment right of access.

As a matter of experience, grand jury proceedings have not historically been available to the public. Rather, "the grand jury context presents an unusual setting where privacy and secrecy are the norm." *Miller I*, 438 F.3d at 1150 (quoting *In re Sealed Case*, 199 F.3d at 526). Indeed, "secrecy . . . has been the persistent rule for grand jury proceedings for at least four hundred years." *Id.* "A grand jury is a body that conducts its business in private. The Framers knew this as well as we do. 'Since the 17th century, grand jury proceedings have been closed to the public, and records of such proceedings have been kept from the public eye.'" *Dow Jones*, 142 F.3d at 499 (quoting *Douglas Oil*, 441 U.S. at 218-19 n.9). Moreover, there is no consistent history "of open ancillary hearings dealing with the [executive] privilege in the grand jury context" of the sort that could support a First Amendment right of access. *Id.* at 503 (citation omitted). Other circuits agree that under the experience test, there is no right of access to grand jury proceedings. *See*

10

*United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) ("[G]rand jury proceedings are not subject to a First Amendment right of access under the test of 'experience and logic.' Historically, such proceedings have been closed to the public."); *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Recs.*, 864 F.2d 1559, 1562 (11th Cir. 1989) ("grand jury proceedings are historically and presumptively secret").

The logic test is equally clear in weighing against a First Amendment right of access. Public access to grand jury materials is not necessary to proper functioning of the court system. To the contrary, grand jury "secrecy safeguards vital interests," including "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." *McKeever*, 920 F.3d at 844 (citing *Douglas Oil*, 441 U.S. at 219). As the D.C. Circuit and the Supreme Court have recognized, "'[i]t takes little imagination to recognize that there are some kinds of government operations that would be totally frustrated if conducted openly. A classic example is that the "proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings."'" *Dow Jones*, 142 F.3d at 503-04 (quoting *Press-Enterprise*, 478 U.S. at 8-9); *see also Smith*, 123 F.3d at 148 ("public access to grand jury proceedings would hinder, rather than further, the efficient functioning of the proceedings"); *In re Subpoena*, 864 F.2d at 1562 ("secrecy of grand jury proceedings is essential to maintaining the effectiveness of the grand jury").

Petitioner makes no real argument that the experience and logic tests support a right of access to grand jury proceedings. Instead, Petitioner argues that a First Amendment right of access to "court opinions and orders" exists, Appl. 15-17, and that this purported general right of access to opinions and orders applies even when the opinion or order addresses a dispute involving grand

11

jury testimony and discloses matters occurring before the grand jury, *id.* at 17-18. This argument is foreclosed by D.C. Circuit precedent, which holds that "First Amendment protections" do not "extend to ancillary materials dealing with grand jury matters, such as" a judicial "opinion" addressing a dispute over grand jury subpoenas. *Miller II*, 493 F.3d at 154. Petitioner invites this Court to "reject [the] argument" that it should follow *Miller II*, Appl. 17, but a district court lacks the authority to pick and choose which binding circuit precedents to follow. *Miller II* is also consistent with a Ninth Circuit decision rejecting a First Amendment right of access to "proceedings concerning motions to quash grand jury subpoenas," including "the district court's order denying" such a motion. *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1085, 1087 (9th Cir. 2014).

Moreover, Petitioner's argument is based on an incorrect framing of the First Amendment right of access. In applying the experience and logic tests to determine whether a qualified First Amendment right of access exists, the correct framing is the type of proceeding (*i.e.*, grand jury proceedings), not the type of judicial record (*i.e.*, opinions and orders). As the Ninth Circuit cogently explained, a "narrow focus on categories of documents is not correct." *Forbes Media LLC v. United States*, 61 F.4th 1072, 1083 (9th Cir. 2023). Rather than "consider[ing] the categories of documents sought abstracted from the proceedings in which they were generated," courts "evaluate[] the nature of the proceeding itself." *Id.* In *Forbes*, the petitioners claimed a First Amendment right of access to proceedings in which the government invoked the All Writs Act (AWA) to seek technical assistance from private companies relating to unexecuted arrest warrants, including court orders resolving the government's applications for assistance. *Id.* at 1076. The court analyzed the type of proceeding at issue — AWA technical assistance proceedings — and held that no First Amendment right of access to that type of proceeding existed. *Id.* at

12

1077-81. Because the correct framing was the type of proceeding, the court rejected the argument that a right of access to "orders" resolving AWA assistance applications existed because that "categor[y] of court documents [was] usually publicly available." *Id.* at 1083. Similarly, Petitioner cannot establish a First Amendment right of access to opinions and orders resolving disputes about grand jury testimony by arguing that there is a general First Amendment right to opinions and orders, abstracted from the type of proceeding in which the opinions and orders are issued.

In support of the argument that the Court should find a freestanding First Amendment right of access to opinions and orders, Petitioner cites *Globe Newspaper Co. v. Superior Court for County of Norfolk*, 457 U.S. 596 (1982), but that case supports the government's view. In *Globe Newspaper*, the Court struck down as violative of the First Amendment a statute that mandated the closure of the court to the press and public during the testimony of a minor victim of a sex offense in a criminal trial. *Id.* at 598, 610-11. The Court explained that it "discerned a First Amendment right of access to *criminal trials* based in part on the recognition that as a general matter criminal trials have long been presumptively open." *Id.* at 605 n.13. "[T]he context of any particular criminal trial, such as a murder trial . . . or a rape trial" was not relevant to whether the qualified First Amendment right of access existed, but only to whether that qualified right could be overcome based on "the state interests assertedly supporting the restriction." *Id. Globe Newspaper* therefore supports the government's view that in applying the experience and logic test to determine whether a qualified First Amendment right of access exists to a type of proceeding, it is the type of proceeding that matters (criminal trials in *Globe Newspapers*, and grand jury proceedings here), not the specific type of record (testimony of a minor sex offense victim in *Globe Newspapers*, opinions and orders here). No First Amendment right of access attaches to grand

13

jury proceedings writ large, including opinions and orders issued in such proceedings.

Petitioner argues that a qualified First Amendment right of access cannot be overcome here. Appl. 18-20. But because no First Amendment right of access attaches here, the Court need not and should not apply the balancing test that courts use to assess whether the government has overcome the qualified right of access.

As explained above, because the government and a witness have made limited public disclosures about matters occurring before the grand jury, consistent with Rule 6(e), the Court can release the records Petitioners seek in redacted form. *See supra*, Part I. But there is no First Amendment right of access to the opinions and orders, and the First Amendment provides no basis to release a greater portion of the opinions and orders than is proper under a Rule 6(e) analysis.

## CONCLUSION

The Court may release the records sought by Petitioner in redacted form. The government requests an opportunity to submit proposed redactions to the Court *ex parte* and under seal.

Dated: March 18, 2025

Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director
Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Attorneys for the United States*