**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE APPLICATION OF POLITICO LLC FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING KASHYAP PATEL | Case No. 25-mc-7-JEB<br><br>Hearing Requested |

**POLITICO LLC'S REPLY IN FURTHER SUPPORT OF ITS APPLICATION
FOR ACCESS TO JUDICIAL RECORDS ANCILLARY TO CERTAIN
GRAND JURY PROCEEDINGS CONCERNING KASHYAP PATEL**

In this Application, POLITICO LLC ("Politico") respectfully seeks access to court records related to a subpoena that directed Kashyap ("Kash") Patel, who now serves as Director of the Federal Bureau of Investigation ("FBI"), to testify before the federal grand jury that was investigating President Trump's handling of classified materials after his first term in office. The Government now agrees that this Court should release these records in redacted form. *See* Gov. Resp. to Br. ("Resp.") (ECF No. 5) at 5. Politico therefore requests that the Government submit its proposed redacted versions of the records at issue to this Court as promptly as possible. *See, e.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014) (observing that "the public benefits attendant with open proceedings are compromised by delayed disclosure").

For two reasons, however, the Government's proposed redacted versions should represent the floor of public access to these important judicial records, not the ceiling. **First**, if this Court concludes, in conducting an independent review of the records under Rule 6(e), that the Government's proposed redactions go beyond what must remain protected for grand jury secrecy, then the Court should release less-redacted versions of the records under Local Rule 6.1. *See, e.g.*, *In re Press Application for Access to Judicial Records Ancillary to Certain Grand Jury Proceedings Concerning Former Vice President Pence*, 678 F. Supp. 3d 135, 145 (D.D.C. 2023)

1

("*In re Pence*") (concluding that the Court "should release any information it can about [a] significant constitutional dispute so long as it does not reveal material protected by grand-jury secrecy") (cleaned up).  **Second**, if the Court agrees with Politico that the First Amendment right of access also applies to any opinions and orders among the records at issue, then the Court should further unseal such opinions and orders with only those redactions that are both "essential to preserve higher values" and "narrowly tailored to serve that interest." *Press-Enter. Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*").

I.      **Under Rule 6(e), The Records Should Be Released With Only Those Redactions The Court Concludes Are Necessary To Protect Still-Secret Grand Jury Information**

Though the Government's submission of proposed redactions will streamline the release of the records, the Government does not have the last word on what this Court should unseal. That is because the Judicial Branch, not the Executive Branch, ultimately determines what redactions, if any, are necessary to protect grand jury secrecy. *See, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 155 (D.C. Cir. 2007) ("*In re Miller*") (rejecting the government's proposed disclosures as "far too narrow").  Moreover, this Court, not the Government, decides pursuant to Local Rule 6.1 "whether it should release [the records] at this time." *In re Pence*, 678 F. Supp. 3d at 144 (emphasis in original).

The Government's response views the scope of permissible disclosure here too narrowly. As the Government acknowledges, it and Patel have already publicly disclosed that (1) Patel received a subpoena to testify before the grand jury investigating President Trump's handling of classified materials; (2) Patel moved to quash the subpoena; (3) the Court denied that motion; (4) Patel testified but refused to answer questions pursuant to the Fifth Amendment; (5) the Government moved to compel his testimony; (6) the Court granted that motion on the condition that the Government grant Patel testimonial immunity; (7) the Government granted immunity;

and (8) Patel testified before the grand jury a second time.  *See* Resp. at 6-7.  The Government

mislabels these important points as mere "limited public disclosures" and argues in error that the

Court must keep essentially all other information secret, including descriptions of Patel's

testimony and how it "fit with the government's strategy for the investigation."  Resp. at 11-12.

In assessing the Government's proposed redactions, the Court should accept only those

withholdings that are truly necessary to protect still-secret grand jury information.  Moreover, in

conducting this analysis the Court should take into account the extensive press reporting on

Patel's grand jury appearance.  In a similar case involving ancillary grand jury materials

regarding a dispute over executive privilege, the D.C. Circuit expressly stated that the

Government's official disclosure, "<u>coupled with the press's extensive reporting about the</u>

<u>privilege disputes</u>, makes it possible that the underlying privilege disputes, or at least the aspects

of them that have been publicly disclosed, are so widely known that they are no longer protected

by Rule 6(e)."  *Politico v. United States*, 2024 WL 1739096, at *4 (D.C. Cir. Apr. 23, 2024)

(emphasis added); *see also* Minute Order, *In re New York Times Co*., 22-mc-100-JEB (D.D.C.

Oct. 24, 2024); Dkt. 32, *id.* (ordering release on remand).  The D.C. Circuit thus instructed that,

in deciding what they can and should release without violating grand jury secrecy rules, courts

should take into account not only official disclosures, but also extensive press reporting on such

ancillary matters.  *See* Br. (ECF No. 1) at 9-10 (summarizing that reporting).  The Government's

contrary view, *see* Resp. at 5, 10, simply ignores that recent precedent.

Likewise, Rule 6(e) obliges the Court to seal records "as necessary to prevent the

unauthorized disclosure of a matter occurring before a grand jury," but D.C. Circuit precedent

"reflects the common-sense proposition that secrecy is no longer 'necessary' when the contents

of grand jury matters have become public."  *In re Miller*, 438 F.3d 1138, 1140 (D.C. Cir. 2006)

(unsealing in part documents "containing grand jury matters that the special counsel confirmed in the indictment <u>or</u> that have been widely reported") (emphasis added).  Thus, while press reports themselves may not waive Rule 6(e) protections for grand jury materials, "[t]here must come a time . . . when information is sufficiently widely known that it has lost its character as Rule 6(e) material."  *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) (Rule 6(e) did not prevent disclosure of a report containing grand jury material, the substance of which was already public); *see also, e.g.*, *In re Charlotte Observer*, 921 F.2d 47, 50 (4th Cir. 1990) (vacating injunction on journalists publishing identity of an unindicted subject of grand jury investigation, which the presiding judge inadvertently shared in open court, because "[o]nce announced to the world, the information lost its secret characteristic").

The Court should also take into account that, at his confirmation hearing, Patel said he would "love" for his grand jury testimony "to be released," and that the only reason he provided for declining to disclose the substance of that testimony himself was his belief, albeit mistaken,[1] that it "has been sealed by the Department of Justice" such that he was "not allowed to discuss it."  *See FBI Director Nominee Kash Patel Testifies at Confirmation Hearing, Part 2*, C-SPAN (Jan. 30, 2025), https://www.c-span.org/program/senate-committee/fbi-director-nominee-kash-patel-testifies-at-confirmation-hearing-part-2/655100 (at 04:58-05:12); *see also id.* at 05:46-05:55 (calling on the Senate to "get my grand jury testimony, I want it made public"); *id.* at 06:54-07:00 ("I encourage you to get that transcript.").  The Government provides no reason why this Court should keep secret the parts of judicial records that refer to a grand jury witness's testimony when that same witness has testified under oath that his testimony should be public.

---

[1] *See Butterworth v. Smith*, 494 U.S. 624, 634 (1990) (noting that the Federal Rules do not "impose an obligation of secrecy on grand jury witnesses with respect to their own testimony").

The secrecy that Rule 6(e) is intended to protect has therefore eroded here due to official acknowledgement, Patel's own testimony, and extensive press reporting about Patel's grand jury appearance. As a result, the Court should independently review the records at issue and reject any of the Government's proposed redactions that the Court concludes are not necessary to protect what "unquestionably remains grand jury material" that Rule 6(e) obliges the Court to keep secret. *In re Miller*, 438 F.3d at 1141; *see also, e.g.*, *In re Pence*, 678 F. Supp. 3d at 143 (limiting redactions "to remove any references to the parties' or the Court's understanding of what, if any, specific testimony the grand jury sought" from Pence, "or the factual or strategic basis for such subpoena").

Additionally, in seeking to submit proposed redactions under seal, the Government states that it has "received a set of records from the proper channels within the Department of Justice" but that "some of the records at issue were not included," such that the Government "will be requesting the remaining records from the Court." Resp. at 13 n.4. To avoid further delay in public disclosure of these important records, Politico respectfully requests that the Government make two sealed submissions of its proposed redactions: one now, as to the records currently in its possession, and the other later, as promptly as possible after it receives the remaining records. *See, e.g.*, *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 561 (1976) ("[T]he element of time is not unimportant if press coverage is to fulfill its traditional function of bringing news to the public promptly.").

II.   **Under The First Amendment, The Court Should Further Unseal Any Opinions And Orders To Leave Only Those Redactions That The Court Concludes Are Essential To Preserve Higher Values And Narrowly Tailored To Serve That Interest**

Politico has shown that the First Amendment right of access also applies to any opinions and orders that are among the records at issue here, which necessarily overrides any secrecy requirement arising solely from the Federal Rules. The Government misconstrues this test by

focusing on access to grand jury materials themselves, rather than on access to judicial decisions that just happen to adjudicate disputes arising out of a grand jury.  The question before this Court, however, is <u>not</u> whether the public has a right of access to grand jury materials.  Instead, the question is whether the public has a right of access to opinions and orders – <u>to the law</u> – that courts issue when they adjudicate disputes arising out of grand jury proceedings.  The answer that the experience and logic test provides to that straightforward question is yes, the First Amendment right of access applies to opinions and orders, because the need for public access to judicial decisions is foundational to our society.

As to the experience prong, there is a long history to the principle that law, including judicial decisions, must be public.  *See Nash v. Lathrop*, 6 N.E. 559, 560 (Mass. 1886) ("Every citizen is presumed to know the law thus declared, and it needs no argument to show that justice requires that all should have free access to the opinions . . . ."); *Banks v. Manchester*, 128 U.S. 244, 253 (1888) (judicial decisions, which are "binding [on] every citizen," must be "free for publication to all").  Indeed, nearly eight decades ago, the Supreme Court championed the historical disdain for judicial secrecy in the context of proceedings ancillary to the grand jury, noting that "distrust for secret trials has been variously ascribed to the notorious use of this practice by the Spanish Inquisition, to the excesses of the English Court of Star Chamber, and to the French monarchy's abuse of the lettre de cachet."  *In re Oliver*, 333 U.S. 257, 268-69 (1948).  Thus, as the Court explained, "[e]ven when witnesses before grand juries refuse to answer proper questions, the grand juries do not adjudge the witnesses guilty of contempt of court in secret or in public or at all.  Witnesses who refuse to testify before grand juries are tried on contempt charges before judges sitting in <u>open court</u>."  *Id.* at 265 (emphasis added).

6

Since then, courts have repeatedly made public judicial decisions resolving disputes in

ancillary proceedings with limited redactions to protect confidential grand jury information.

*E.g.*, *Nixon v. Sirica*, 487 F.2d 700, 719-22 (D.C. Cir. 1973) (per curiam) (decision on the scope

of President Nixon's assertion of executive privilege in response to a grand jury subpoena); *In re*

*Subpoena to Nixon*, 360 F. Supp. 1, 13-14 (D.D.C. 1973) (same); *In re Sealed Case*, 121 F.3d

729, 734, 761-62 (D.C. Cir. 1997) (decision on executive privilege regarding a grand jury

subpoena served on the Counsel to the President in connection with an investigation of former

Secretary of Agriculture); *In re Grand Jury*, 705 F.3d 133 (3d Cir. 2012) (decision on whether

federal grand jury subpoena can pierce attorney-client privilege and work product doctrine); *In*

*re Grand Jury Proceedings*, 616 F.3d 1172, 1175 (10th Cir. 2010) (same); *In re Grand Jury*

*Subpoena Duces Tecum*, 731 F.2d 1032 (2d Cir. 1984) (same); *see also In re Miller*, 397 F.3d

964 (D.C. Cir. 2005) (decision on applicability of First Amendment reporter's privilege to

response to federal grand jury subpoena); *Branzburg v. Hayes*, 408 U.S. 665 (1972) (same).

As to the logic prong, the Government wholly fails to address the logic – and necessity –

of access to these records, focusing instead on "access to grand jury materials," Resp. at 15,

which again is not at issue.  It is profoundly illogical to hide from Politico (and the public)

important jurisprudence, resolving disputes in the ancillary proceedings regarding Patel's

testimony, simply because those opinions relate to grand jury proceedings.  The Tenth Circuit

acknowledged this in publishing, over the appellant's objections, opinions concerning the

discovery and use of materials before a grand jury, because "publication of these two opinions,

in redacted form, is necessary to advance the law on certain issues discussed in those opinions."

*In re Grand Jury Proceedings*, 616 F.3d at 1175.  As then-Chief Judge Howell has likewise

observed, as a result of keeping such opinions and orders secret, "decisions implicating novel

issues, significant historical events, and nationally known individuals and entities—for instance, interpreting the contours of constitutional rights and testimonial privileges asserted by political figures—are known only to the witnesses and/or privilege holders raising the issues and are withheld from the public." *In re New York Times Co.*, 657 F. Supp. 3d 136, 146 (D.D.C. 2023). Indeed, "[e]ven parties litigating similar disputes <u>and judges deciding them</u> will not have access, at least immediately, to certain decisions and legal reasoning." *Id.* (emphasis added). This status quo "is anathema" to our "democratic society." *Id.* at 139-40.

Because public access to court opinions and orders passes the tests of both experience and logic, the First Amendment right of access applies to any such opinions and orders among the records Politico has requested, and the Government can justify sealing any portion of those records only by demonstrating that its proposed withholdings that are both "essential to preserve higher values" and "narrowly tailored to serve that interest." *Press-Enterprise I*, 464 U.S. at 510.

## CONCLUSION

For the foregoing reasons, Politico respectfully requests that this Court (1) order the Government to promptly provide to the Court proposed redactions for the portion of the records at issue that the Government currently has in its possession; (2) order the Government to provide to the Court proposed redactions for the remaining records at issue as promptly as possible after the Government receives those records; (3) conduct an independent review of the records and proposed redactions and release them with only those redactions that the Court deems proper under Rule 6(e) and Local Rule 6.1; (4) further conclude that the First Amendment right of access applies to any sealed opinions and orders among the records at issue and accordingly provide the press and public access to those opinions and orders with only those redactions that

this Court determines are both "essential to preserve higher values" and "narrowly tailored to

serve that interest."

Dated:  March 25, 2025        Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Maxwell S. Mishkin*
Maxwell S. Mishkin (#1031356)
Chad R. Bowman (#484150)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
mishkinm@ballardspahr.com
bowmanchad@ballardspahr.com

Sasha Dudding (#1735532)
1675 Broadway, 19th Floor
New York, NY 10019
Tel: (212) 223-0200
Fax: (212) 223-1942
duddings@ballardspahr.com

*Counsel for Petitioner POLITICO LLC*