IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of Grand Jury No. 22-03 Subpoena 63-13 (September 16, 2022) <br><br> KASHYOP PARMOD PATEL, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case: 1:22-gj-00041 <br> Assigned to: Judge Howell, Beryl A. <br> Assign Date: 10/7/2022 <br> Description: Misc. <br><br> **FILED UNDER SEAL** |

## MOTION TO QUASH

Mr. Kashyap Parmod (a/k/a Kash) Patel, by and through his undersigned counsel, hereby requests, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, that the Court quash or stay the grand jury subpoena with which he has been served. The undersigned counsel is in the midst of a multi-week jury trial before the Honorable Amit P. Mehta in the case captioned, *United States v. Rhodes*, No. 22-cr-15, and is therefore not available to appear with Mr. Patel for his grand jury testimony and provide him advice after being questioned, let alone assist Mr. Patel in preparation for his testimony.

Mr. Patel is an attorney who served in the federal government beginning in 2017 in various positions in the legislative and executive branches. Most recently, ███████ ███████████████████████████████ Mr. Patel served as the chief of staff to then-Acting United States Secretary of Defense under President Donald Trump Christopher Miller.

On or about September 16, 2022, a grand jury sitting in the United States District Court for the District of Columbia issued Mr. Patel a subpoena requiring his testimony Thursday, September 29, 2022, at 9:00am. (Grand Jury Subpoena Attached as Exhibit A). The subpoena

was properly served on Mr. Patel and thereafter, government counsel requesting the subpoena granted Mr. Patel a two-week extension of the subpoena's return date ascertainment of counsel.

On September 27, 2022, the undersigned was retained by Mr. Patel and that same day, defense counsel advised government of the same. Defense counsel also advised government counsel that he was in trial before the Honorable Amit Mehta in the case captioned, *United States v. Rhodes*, No. 22-cr-15, and the parties agreed to speak the following Friday, September 30, 2022. At that time, government counsel expressed concern that the *Rhodes* trial was a multi-week trial and advised that although the government was flexible in the timing of Mr. Patel's production of records responsive to the subpoena, it could not wait until the conclusion of the *Rhodes* trial to receive Mr. Patel's testimony. Specifically, government counsel expressed the view that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ the government was concerned that Mr. Patel's testimony would change with the passage of time. Put differently, the government is concerned that Mr. Patel – an attorney – might alter his testimony, or otherwise provide untruthful testimony, based upon what he learns in the media in the coming weeks. Defense counsel advised the government that this was not a sufficient reason for counsel to abandon his client in the midst of trial.

On October 4, 2022, government counsel again inquired of defense counsel's position and, "that Mr. Patel will not appear before the grand jury as scheduled . . . unless compelled by the Court." On October 5, 2022, defense counsel responded by advising that given the issuance of a lawful grand jury subpoena, Mr. Patel would have no choice but to appear before the grand jury as instructed *absent* an Order from the Court excusing his appearance. (Email Correspondence with Counsel for the Government Attached as Exhibit B).

Rule 17(c) of the Federal Rules of Criminal Procedure permit the Court to quash an otherwise lawful grand jury subpoena if, "compliance would be unreasonable or oppressive." Of course, quashing a grand jury subpoena requires a more exacting finding of unreasonableness and/or oppression than any other form of a subpoena, because the public, which acts through the grand jury has, "a right to every man's evidence." *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d 1, 4 (D.D.C. 2012) (quotations omitted) (quoting *United States v. Nixon*, 418 U.S. 683, 709, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974)).

However, the public's right to information is not absolute, and the grand jury cannot use its power to compel testimony from an individual who holds a, "valid constitutional, common-law, or statutory privilege . . . because compliance in such a scenario would be unreasonable or oppressive for the purposes of Rule 17(c)." *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d at 4 (quoting *Nixon*, 418 U.S. at 709). To that end, whether and to what extent the Sixth Amendment affords a right to counsel for those compelled to provide testimony before a grand jury has deliberately not been decided by courts in this District. *See generally In re Investigation before April 1975 Grand Jury*, 531 F.2d 600 (D.C. Cir 1976) (vacating district court finding that subjects of a grand jury subpoena had a Sixth Amendment right to counsel and holding that the court need not now decide the issue).

Traditionally, however, witnesses appearing before a grand jury are routinely advised both by the court overseeing the grand jury as well as government counsel conducting inquiry before the grand jury that the witness has the right to counsel and that should they not be able to afford counsel, the court may appoint counsel. In addition, such counsel may not appear inside the grand jury room, but is available to a grand jury witness to provide advice to the witness before any answer is given by that witness. *See United States v. Mandujano*, 425 U.S. 564, 581

(1976) ("Respondent was also informed that if he desired he could have the assistance of counsel, but that counsel could not be inside the grand jury room."). In this Circuit the assistance of counsel has taken an expansive view of the role played by counsel in a grand jury's inquiry, concluding that, "a grand jury investigation of a crime is a criminal case at which incriminating questions need not be answered." *Jones v. United States*, 342 F.2d 863, 868, 870 (D.C. Cir. 1964) (internal quotation omitted). *See also id.* ("The right to counsel does not begin at trial. If it began then it would often be worth little, for cases are often lost at earlier stages. The accused requires the guiding hand of counsel at every step in the proceeding against him (internal quotation omitted) (quoting *Powell v. Alabama*, 287 U.S. 45, 69, 53 S.Ct. 55, 77 L. Ed 158 (1932)). This Circuit has also recognized that a witness not only has the right to counsel's assistance in navigating testimony before a grand jury, but that the witness has the right to counsel of their choosing based upon First Amendment rights of association grounds. *See In re Investigation before April 1975 Grand Jury*, 531 F.2d 600, 609 (D.C. Cir 1976) ("It seems to us that the circumstances of this case present precisely the type of situation for which Congress intended to provide the Government with an effective tool for discovering the truth without risking violations of the Constitution in the delicate areas of freedom of association and representation by counsel of one's choice.").

Mr. Patel is situated no differently than the defendant in *Jones*.  Assuring that he properly invoke any applicable Fifth Amendment right against self-incrimination is therefore paramount to the preservation of the right. *See Jones*, ("The right to counsel does not begin at trial. If it began then it would often be

worth little, for cases are often lost at earlier stages. The accused requires the guiding hand of counsel at every step in the proceeding against him.").

For this reason, it is DOJ policy to advise a grand jury witness of his right to consult with counsel before answering any questions. *See* Justice Manual, THE UNITED STATES DEPARTMENT OF JUSTICE, 9-11.151 – Advice of "Rights" of Grand Jury Witnesses (last updated January 2020) https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.151 ("Notwithstanding the lack of a clear constitutional imperative, it is the policy of the Department that an 'Advice of Rights' form be appended to all grand jury subpoenas to be served on any [grand jury witness]." The form is stated to include the statement: "If you have retained counsel, the grand jury will permit you a reasonable opportunity to step outside the grand jury room to consult with counsel if you so desire.").

Accordingly, because the subpoena would deprive Mr. Counsel of rights guaranteed under the First, Fifth, and Sixth Amendments – "valid constitutional, common-law, or statutory privilege[s]," the subpoena is "unreasonable or oppressive for the purposes of Rule 17(c)." *In re Grand Jury Subpoena No. 11116275*, 846 F. Supp. 2d at 4 (quoting *Nixon*, 418 U.S. at 709).

[SIGNATURE ON NEXT PAGE]

Dated: October 7, 2022

Respectfully submitted,

/s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
███████████
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Kashyap Pramod Patel*

## CERTIFICATE OF SERVICE

On October 7, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was filed electronically with the court and served by electronic mail upon government counsel.

/s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP

202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com