## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **In the Matter of GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)** | | **1:22-gj-00041-BAH** |
| **KASHYAP PRAMOD PATEL,** | ) ) ) | **FILED UNDER SEAL** |
| v. | ) ) | |
| **UNITED STATES OF AMERICA,** | ) ) | |
| **Defendant.** | ) ) ) | |

### NOTICE

Defense counsel presumes no offense is intended by the suggestion that defense counsel was retained only because of defense counsel's unavailability due to the trial now pending before this Court. Nor is defense counsel aware of any precedent suggesting that by retaining one lawyer in a firm, a client is relegated to the representation by any lawyer at that firm whom is available at the government's beck-and-call. To the contrary, the Supreme Court has long recognized that the Sixth Amendment guarantees counsel *of one's choice. See Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[T]he right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment.") *See also* U.S. CONST. amend. VI (guaranteeing the right to "the Assistance of Counsel"). Further, the Supreme Court has held that the erroneous denial of a criminal defendant's counsel of choice is such a prejudicial action that on appeal it results in the *automatically reversal* of their conviction. *United States v. Gonzalez-Lopez*, 126 S. Ct. 2557, 2562, 2565 (2006) (holding that the right to counsel of choice "commands, that a trial be fair, but that a particular guarantee of fairness be provided. . . [specifically.] that the accused be defended by the counsel he believes to be best.").

Page **1**

On October 7, 2022, Mr. Patel filed a motion to quash the grand jury subpoena in question. The grand jury subpoena at issue sought Mr. Patel's to produce documents and appear on October 13, 2022, to testify before a grand jury forthwith. Mr. Patel's motion raised legitimate First, Fifth, and Sixth Amendment arguments as reasons why the subpoena as served was unreasonable and came at the end of what had been days of good-faith negotiations government counsel while Mr. Patel's counsel was in trial. To that end, Mr. Patel's counsel indicated to both the Court and government counsel that Mr. Patel's counsel was involved in the high-profile *Rhodes* trial, which is scheduled for roughly six weeks Mondays through Thursdays and half-days on Fridays. Counsel for Mr. Patel could not have reasonably prepared to assist Mr. Patel in this matter because of this demanding schedule. Moreover, Mr. Patel had made clear to government counsel that he planned to retain private counsel, as is his right, so as to prepare for testimony before the grand jury.

On October 11, 2022, the Court denied Mr. Patel's motion to quash and ordered him to advise the Court by 8:30 AM on October 12, 2022, why no other lawyer from his retained counsel's or from some other firm is available to assist him during his scheduled testimony before the grand jury. The Court bluntly denied Mr. Patel's First and Fifth Amendment arguments, while acknowledging Mr. Patel's Sixth Amendment right to counsel. In its Minute Order, the Court raises a pragmatic potential resolution: Mr. Patel could feasibly be represented by some other attorney who happens to be available to both prepare him and appear with him before the grand jury within the next forty-eight (48) hours. This begs the question of why that attorney has no other obligations at present and whether they are in fact capable of providing adequate legal advice concerning the matter at hand to Mr. Patel.

Rather, defense counsel presumes the Court is referring to the only other partner at defense counsel's firm, Stanley M. Brand, with whom defense counsel presumes the Court is familiar and who is in fact competent to represent a witness before the grand jury having done so numerous times before. However, even had Mr. Patel retained Mr. Brand specifically, which he has not, unfortunately Mr. Brand has contracted the coronavirus, tested positive as recently as October 11, 2022, and is thus not in a position to represent anyone, let alone Mr. Patel, before a grand jury in just two days.[1]

That government counsel portrayed Mr. Patel's retention of Mr. Woodward as a sign of bad faith and solely intended to delay Mr. Patel's testimony is offensive. Mr. Woodward has offered several additional dates for Mr. Patel's testimony, has advised that the impending birth of his child should not impact his ability to represent Mr. Patel before the grand jury, yet has received no response from the government with respect to the same.  ████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████

---

[1] Although defense counsel has no reason to believe the court is aware that Brand Woodward Law, LP employs two additional attorneys, both are 2021 graduates whom have never represented an individual before a grand jury.

[SIGNATURE ON NEXT PAGE]

Dated: October 12, 2022                    Respectfully submitted,

                                           _____ /s/ Stanley E. Woodward, Jr._____
                                           Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                           BRAND WOODWARD LAW, LP
                                           █████████████████
                                           ██████████████

                                           202-996-7447 (telephone)
                                           202-996-0113 (facsimile)
                                           Stanley@BrandWoodwardLaw.com

                                           *Counsel for Mr. Kashyap Pramod Patel*

## CERTIFICATE OF SERVICE

On October 12, 2022, the undersigned hereby certifies that a true and correct copy of the

foregoing was electronically transmitted to the government and filed under seal via the CM/ECF

system.

_____ */s/ Stanley E. Woodward, Jr.* _____
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP

202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com