UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN RE GRAND JURY SUBPOENA NO. 63-13 | NO. 22-GJ-41 **FILED UNDER SEAL** |
|---|---|

### GOVERNMENT'S NOTICE CONCERNING MOVANT'S RESPONSE TO ORDER

In the Court's October 12, 2022 Minute Order Movant Kashyap Patel's Motion to Quash, the Court ordered Mr. Patel to respond concerning why he could not secure counsel to assist him in connection with his October 13, 2022 grand jury testimony apart from his unavailable retained counsel. The government provides this notice to make the Court aware of new concerns that may be relevant to the Court's evaluation of Mr. Patel's response.

The evening of the Court's Minute Order, counsel for Mr. Patel contacted the government by email. *See* Exhibit A hereto. First, counsel advised the government that Mr. Patel could be available to testify on October 28, 2022, if the government is amenable. That date—which is nearly six weeks after service of the subpoena—simply delays the testimony too long.[1] Second, counsel inquired as to whether the planned October 13, 2022, testimony could occur earlier in the day. The government is inquiring with the grand jury coordinator at the U.S. Attorney's Office to determine whether any earlier testimony is possible█

---

[1] When Mr. Patel's counsel asserts in his Notice in response to the Court's Minute Order that he "has received no response from the government" with respect to dates he proposed for Mr. Patel's appearance, *see* Notice at 3, the government presumes he is referring to the email attached as Exhibit A, which was just sent at 8:10 p.m. yesterday evening. ███████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████

1

Of greater concern, however, Mr. Patel's counsel indicated that he expects Mr. Patel to "invoke the Fifth Amendment" in his grand jury testimony. Apart from the brief mention of the Fifth Amendment in Mr. Patel's Motion to Quash, in which he indicated that counsel is necessary to aid a witness in properly invoking the Fifth Amendment, *see* Dkt. No. 2 at 4, this is the first time in discussions with counsel that the prospect has been raised. As the Court acknowledged in its Minute Order, a grand jury witness does enjoy the protections of the Fifth Amendment. *See* Minute Order (Oct. 12, 2022). And the government acknowledges that whether or not a valid Fifth Amendment claim exists may depend on the precise question asked. But it is troubling that Mr. Patel seems to be asserting a "blanket" claim only after being required to appear by virtue of the Court denying his Motion to Quash.

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████

\*   \*   \*

As the Court acknowledged in its Minute Order, the government has attempted to be reasonably flexible and accommodating with respect to Mr. Patel's scheduled testimony. But it cannot postpone it indefinitely, and the only alternative offered by Mr. Patel's counsel—October 28, 2022, only offered after the denial of the Motion to Quash—is simply too far away. The government expects to proceed as scheduled on October 13, 2022.

October 12, 2022

>                              Respectfully submitted,
>
>                              MATTHEW G. OLSEN
>                              ASSISTANT ATTORNEY GENERAL
>                              NATIONAL SECURITY DIVISION
>
>                              /s/_____
>                              Jay I. Bratt
>                              Julie A. Edelstein
>                              Brett C. Reynolds
>                              Counterintelligence and Export Control Section
>                              National Security Division
>                              U.S. Department of Justice
>                              950 Pennsylvania Avenue NW
>                              Washington, D.C. 20530
>                              (202) 233-0986