IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of Grand Jury No. 22-03 Subpoena 63-13 (September 16, 2022) ) ) KASHYOP PARMOD PATEL, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) ) | FILED UNDER SEAL 1:22-gj-00041-BAH |

## MOTION FOR STAY

Kashyap Parmod Patel, by and through the undersigned counsel, respectfully requests this Court stay its October 11, 2022, Order until the D.C. Circuit has had an opportunity to review the Motion for a Stay that Mr. Patel anticipates filing with the Circuit as soon as his appeal has been docketed, which Mr. Patel is prepared to do immediately. The anticipated stay from this Court is not likely to last more than a day or so, which should not prejudice the government in its investigation.

### I.     LEGAL STANDARD

The party seeking a stay bears the "burden of showing that exercise of the court's extraordinary injunctive powers is warranted." *Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974, 249 U.S. App. D.C. 54 (D.C. Cir. 1985). There are four "traditional" factors that govern a request for a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). *See also*

*Cuomo*, 772 F.2d at 974. The Supreme Court has held that the first two factors, "are the most critical[]" in determining whether to grant a motion to stay. *Nken*, 556 U.S. at 434. The last two factors, "the harm to the opposing party and weighing the public interest[,] . . . merge when the Government is the opposing party." *Nken*, 556 U.S. at 435.

In cases of first impression, courts will tend to grant stays without considering these factors. See *Comm. On the Judiciary v. McGahn*, 407 F. Supp. 3d 35, 40 (D.D.C. 2019) (noting that the D.C. Circuit in *Comm. on Judiciary, U.S. House of Representatives v. Miers*, 542 F.3d 909 (D.C. Cir. 2008) did not apply the strict four-factor test to grant a stay in a case of an interlocutory appeal involving a matter of first impression in the D.C. Circuit).

## II. ARGUMENT

### a. Mr. Patel is Likely to Succeed on the Merits of His Motion to Quash a Subpoena

The chance that a movant will succeed on the merits must be, "substantial," in order to grant a stay pending appeal. *Comm. On the Judiciary v. McGahn*, 407 F. Supp. 3d at 38 (quoting *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The party seeking the stay must "raise[] questions going to the merits so serious, substantial, difficult[,] and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation." *McGahn*, 407 F. Supp. 3d at 38 (internal quotations omitted) (quoting *Holiday Tours, Inc.*, 559 F.2d at 844). Mr. Patel has raised significant reasons why compelling his testimony on October 13, 2022, is unreasonable and violates his constitutional rights. Such rights and potential violations thereof are an extremely fair ground for litigation that warrant further deliberative investigation, because Mr. Patel's testimony without access to his retained counsel is a clear violation of his Sixth Amendment rights, or without clear precedent on

the matter require further adjudication to determine the legal bounds of the Sixth Amendment's right to counsel.

Alternatively, whether the Sixth Amendment right to counsel of choosing should render a grand jury subpoena that requires testimony without a meaningful opportunity to prepare for testimony with counsel and without an opportunity to consult with counsel during the testimony are both matters of first impression in this Circuit. While Mr. Patel is confident that he will be able to succeed on the merits, the fact that this is such a novel issue that implicates the Constitutional rights of all grand jury witnesses and subjects should warrant the stay of these proceedings without a consideration of the traditional stay factors.

### b. Mr. Patel's Constitutional Rights Will Be Irreparably Injured without a Stay, Because He Will Be Made to Testify Before a Grand Jury without Any Meaningful Preparation with His Counsel and Without Access to Advice of Counsel During the Grand Jury Proceedings

The second factor requires that irreparable harm is, "both certain and great. . . and actual [rather than] theoretical." *Citizens for Responsibility & Ethics v. Fed. Election Comm'n*, 904 F.3d 1014, 1019 (D.C. Cir. 2018) (internal quotations omitted) (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985). Further, the movant must, "substantiate that irreparable injury is likely to occur. *Wis. Gas Co.*, 758 F.d at 674 (citing *Holiday Tours, Inc.*, 559 F.2d at 843 n.3). ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

███████ *See United States v. Hoffman*, 341 U.S. 479, 485 (1951) (noting that the privilege against self-incrimination extends to statements which a witness has reasonable cause to apprehend danger of future prosecutions as a result of a direct answer). Despite such broad right to asserting the privilege against self-incrimination, the government has indicated the Court its disapproval of Mr. Patel's intention to cautiously and thoroughly assert his right against self-incrimination. The government is likely to ask the Court to hold Mr. Patel in contempt if his testimony is such that he asserts his privilege against self-incrimination in a way that the government views counterproductive; such a catch-22 demonstrates the exact harmful nature that Mr. Patel would find himself if he is made to testify while his appeal is pending. *See Charles v. Office of the Armed Forces Medical Examiner*, 935 F. Supp. 2d 86, 100 (D.D.C. 2013) (noting that irreparable harm would be caused if certain protected material was disclosed to the public while the protection of the materials was adjudicated on appeal).

### c. A Stay Will Not Burden the Government and Will Ensure that the Government Does Not Impede on Mr. Patel's Constitutional Rights to Counsel

Although the Government has indicated they cannot afford to reschedule Mr. Patel's testimony, they have not provided any specific reasons as to why Mr. Patel's testimony cannot wait until Mr. Patel's counsel is available. Further, the Government does not stand to lose Mr. Patel's testimony if this stay were granted: Mr. Patel fully intends to comply with the grand jury subpoena, and is now only seeking to delay his appearance long enough for the D.C. Circuit to determine whether it will issue a stay of the Court's October 11, 2022, Order.

Further, it is in the interest of the Public to ensure that private citizens constitutional rights are protected and to have an appellate review of the Sixth Amendment and how it affects

the rights of witnesses at a grand jury proceeding. *See McGahn*, 407 F. Supp. 3d at 45 (noting that the public's interest in appellate review of a matter can satisfy the final element of a stay). That the government seeks without reason to expeditiously proceed in this matter while taking almost no steps to simultaneously protect the constitutional rights of Mr. Patel. While the public may have an interest in the testimony of Mr. Patel, the public has much more at stake in adjudicating the expanses of the Sixth Amendment's right to counsel.

## CONCLUSION

Based on the information contained herein, Mr. Patel has demonstrated the overwhelming need for and legal right to a stay of proceedings pending appeal. As such, Mr. Patel respectfully requests that this Court stay these proceedings while his appeal is adjudicated.

Dated: October 12, 2022                     Respectfully Submitted,

                                            /s/ *Stanley E. Woodward, Jr.*
                                            Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                            Brand Woodward Law, LP

                                            202-996-7447 (telephone)
                                            202-996-0113 (facsimile)
                                            Stanley@BrandWoodwardLaw.com

                                            *Counsel for Kashyap Pramod Patel*