UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLMBIA CIRCUIT

| | |
|---|---|
| In the Matter of Grand Jury No. 22-03 Subpoena 63-13 (September 16, 2022) ) ) KASHYAP PRAMOD PATEL, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) ) | FILED UNDER SEAL 1:22-gj-00041-BAH |

## KASH PATEL'S OPPOSITION TO GOVERNMENT'S MOTION TO COMPEL CERTAIN GRAND JURY TESTIMONY

Kash Patel, by and through the undersigned counsel, respectfully opposes the government's October 18, 2022, Motion to Compel. The government's Motion should denied as Mr. Patel has properly invoked his Fifth Amendment Right Against Self-Incrimination ▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇

### I.   Factual Background

On or about September 16, 2022, a grand jury empaneled by the United States District Court for the District of Columbia issued a subpoena for testimony and documents from Mr. Patel. On September 27, 2022, Mr. Patel retained the undersigned counsel for purposes of preparing for his grand jury testimony.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇





██████████████████████████████████████████████████

██████████████████████████████████

## II. Argument

The government submits that the Fifth Amendment right against self-incrimination only narrowly permits a witness to refuse to answer a question where so doing would result in proof of a prima facie element of some specific crime. This position stands in stark contrast to the Supreme Court's own expansive view of the Fifth Amendment, which has held that the Fifth Amendment right against self-incrimination, "must be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 341 U.S. 479, 486 (1951) (citing *Counselman v. Hitchcock*, 142 U.S. 547, 562 (1892)); *Arndstein v. McCarthy*, 254 U.S. 71, 72-73 (1920)). The Supreme Court has also remarked that, "[A] witness may have a reasonable fear of prosecution and yet be innocent of any wrongdoing. . . [and the Fifth Amendment] privilege serves to protect the innocent who otherwise might be ensnared by ambiguous circumstances." *Slochower v. Board of Higher Education*, 350 U.S. 551, 557-58 (1956). The Supreme Court has remarked that the rights in the Fifth Amendment, "not only extend[] to answers that would in themselves support a conviction under a federal criminal statute but likewise embrace[] those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime[,]" and applies to instances where, "the witness has reasonable cause to apprehend danger from a direct answer." *Hoffman*, 341 at 486 (1951).

██████████████████████████████████████████████████
████████████████████████████████████████████ █████

---

█
██████████████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████████████████████

4



## CONCLUSION

For the foregoing reasons, Mr. Patel respectfully requests the Court deny the government's motion.

Dated: October 20, 2022

Respectfully Submitted,

/s/ Stanley E. Woodward, Jr.
Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
Brand Woodward Law, LP

202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Kashyap Pramod Patel*

**CERTIFICATE OF SERVICE**

On October 20, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via counsel of record.

Dated: October 20, 2022                    Respectfully Submitted,

/s/ *Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
Brand Woodward Law, LP

202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Kashyap Pramod Patel*