UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE GRAND JURY SUBPOENA<br>NO. 63-13 | NO. 22-GJ-41<br><br>**FILED UNDER SEAL** |

### GOVERNMENT'S RESPONSE REGARDING IMMUNITY APPLICATION

The government hereby responds to witness Kashyap "Kash" Patel's Brief in Response to the Government's Application for Immunity, in which Mr. Patel suggests that the government's application for immunity is invalid because it was issued out of the National Security Division of the U.S. Department of Justice rather than a U.S. Attorney's Office. As he notes, 18 U.S.C. § 6003(b) states that "[a] United States Attorney" may apply to a district court for an immunity order. There is no dispute from Mr. Patel, however, that the government's application has been validly authorized within the Department of Justice, including the specific approval of an appropriate official as the Attorney General's designee, or that the immunity order, once granted, would unquestionably confer limited use immunity consistent with 18 U.S.C. §§ 6002-03. His only contention is a purely formal one: that it is not enough for the Attorney General, through delegated authority, to approve immunity, but that a U.S. Attorney must also do so.

As the Court is undoubtedly aware, federal law provides for a variety of circumstances under which criminal proceedings can be conducted apart from a U.S. Attorney's Office. Cases can be, and regularly are, prosecuted by "Main Justice" litigating components, special counsels, and other designees. In particular, 28 U.S.C. § 515 permits the Attorney General to direct any officer of the Department of Justice to "conduct any kind of legal proceeding, civil or criminal, including grand jury proceedings . . . which United States attorneys are authorized by law to conduct . . . ." The Attorney General has authorized the National Security Division to, *inter alia*,

1

"[p]rosecute Federal crimes involving national security . . . ." 28 C.F.R. § 0.72(a)(7). Moreover, in this case, the undersigned proffer to the Court that they have received authorization, through the Attorney General's delegation, to conduct in the District of Columbia any kind of legal proceedings that United States Attorneys are authorized to conduct.[1]

Consistent with that broad grant of authority to the Attorney General, another circuit has concluded that, in the immunity context, attorneys specially appointed by the Attorney General have authority to petition courts for immunity orders. *See Matter of Special September 1978 Grand Jury (II)*, 590 F.2d 245, 248-50 (7th Cir. 1979) (concluding that a "special attorney appointed by the Assistant Attorney General to conduct a grand jury proceeding" had authority to petition for an immunity order, citing 28 U.S.C. § 515). This conclusion accords with the purpose of the procedural mechanisms set forth in 18 U.S.C. § 6003, which were "not intended to protect witnesses but to minimize overuse of immunity grants." *United States v. Yanagita*, 552 F.2d 940, 947 (2d Cir. 1977). In this light, Mr. Patel has it analytically backwards. Section 6003 requires the approval of the Attorney General or his designee in order to ensure that immunity grants are coordinated nationally to ensure consistency across the 94 federal judicial districts of the United States. Nothing in the statute suggests, by contrast, that it was intended to limit the authority of the Attorney General who, as set forth in 28 U.S.C. § 515, has the authority to designate any officer of the Department of Justice to undertake the proceedings that United States Attorneys are authorized to conduct.[2]

---

[1] If requested by the Court, the undersigned will provide copies of these authorization letters to the Court *ex parte*.

[2] The Justice Manual of the Department of Justice reaches the same conclusion with respect to immunity requests specifically. *See* Justice Manual, Section 9-23.140 ("Assistant United States Attorneys, with the approval of the United States Attorney . . ., *and Department attorneys*, with the approval of an appropriate Assistant Attorney General or Deputy Assistant Attorney General

2

Finally, the National Security Division of the Department of Justice has consulted with the United States Attorney for the District of Columbia, who has authorized the undersigned to represent to the Court that he concurs with the request for immunity order sought in these proceedings.

October 25, 2022

          Respectfully,

          MATTHEW G. OLSEN
          ASSISTANT ATTORNEY GENERAL
          NATIONAL SECURITY DIVISION

          /s/ Brett C. Reynolds
          Jay I. Bratt
          Julie A. Edelstein
          Brett C. Reynolds
          Counterintelligence and Export Control Section
          National Security Division
          U.S. Department of Justice
          950 Pennsylvania Avenue NW
          Washington, D.C. 20530
          (202) 233-0986

---

of DOJ, may initiate requests to compel testimony under the use immunity statute.") (emphasis added), available at: https://www.justice.gov/jm/justice-manual.