APPEAL.Sealed_Case

## U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:22-gj-00041-BAH *SEALED*

GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)
Assigned to: Chief Judge Beryl A. Howell
Cause: No cause code entered

Date Filed: 10/07/2022

**In Re**

**GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)**

**Interested Party**

**KASHYAP PRAMOD PATEL**

represented by **Stanley Edmund Woodward, Jr.**
BRAND WOODWARD LAW

202-996-7447
Fax: 202-996-0113
Email: stanley@brandwoodwardlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**UNITED STATES OF AMERICA**

represented by **Brett Clarence Reynolds**
DOJ-NSD
Counterintelligence and Export Control Section
950 Pennsylvania Avenue NW
Washington, DC 20530
202-598-2950
Email: brett.reynolds@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay I. Bratt**
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
11th Floor
Washington, DC 20530
(202) 252-7789
Email: jay.bratt2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

1

**Julie Ann Edelstein**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave. NW
10th Floor
Washington, DC 20004
(202) 233-2260
Email: julie.edelstein@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/07/2022 | 1 | | MOTION for Leave to File Under Seal by KASHYAP PRAMOD PATEL. (Attachments: # 1 Text of Proposed Order, # 2 Motion to Quash Subpoena, # 3 Text of Proposed Order, # 4 Exhibit A, # 5 Exhibit B)(zstd) (Entered: 10/11/2022) |
| 10/11/2022 | | | MINUTE ORDER GRANTING 1 Motion for Leave to File Under Seal. Signed by Chief Judge Beryl A. Howell on October 11, 2022. Counsel has been notified electronically.(lcbah4) Modified to correct title on 10/11/2022 (ztg). (Entered: 10/11/2022) |
| 10/11/2022 | 2 | | MOTION to Quash by KASHYAP PRAMOD PATEL. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(zstd) (Entered: 10/11/2022) |
| 10/11/2022 | 3 | | Memorandum in opposition to re 2 Motion to Quash filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(zstd) (Entered: 10/11/2022) |
| 10/11/2022 | | | MINUTE ORDER (paperless) DENYING KASHYAP PRAMOD PATEL's 2 Motion to Quash, which was filed after business hours on Friday, October 7, 2022, before a three-day holiday weekend, and DIRECTING Mr. Patel to appear before the scheduled grand jury session on October 13, 2022 in accordance with the two-week extension the government has already granted at his request. See [3-1] Gov't's Opp'n at Ex. A. Mr. Patel requests a delay of some unspecified time period in his testimony because his counsel, Stanley Woodward, will be engaged in the *United States v. Rhodes* trial, Case No. 22-cr-15, scheduled to last several weeks, with no promises as to when his counsel will have time available. Mr. Patel retained Mr. Woodward on the attorney's first day of jury selection in *Rhodes* when such circumstance made fully apparent that counsel would be unavailable during Mr. Patel's scheduled grand jury testimony. In addition, the government has already demonstrated flexibility in meeting Mr. Patel's scheduling needs, including granting him a two-week extension of the grand jury subpoena to find counsel and offering to schedule Mr. Patel's testimony, with his retained counsel, during breaks in the *Rhodes* trial, including Friday afternoons or for informal interviews on weekends. See Gov't's Oppn at 4. All such alternatives suggested by the government have been rejected.<br><br>Mr. Patel supports his motion by reference to the First, Fifth, and Sixth Amendments. The First Amendment is of no help to this witness. The motion before the Court is a scheduling dispute: Mr. Patel merely asks to stay the subpoena "pending the conclusion of his counsel's trial." See [2-1] Proposed Order. Mr. Patel cites the entirely inapposite case *In re Investigation before April 1975 Grand Jury*, 531 F.2d 600, 604 (D.C. Cir. 1976), where the D.C. Circuit |

references the First Amendment in a case involving multiple journalists' freedom to associate to retain legal representation by one attorney. *See* 2 Motion to Quash at 4.

Mr. Patel also asserts a claim under the Fifth Amendment, arguing that his counsel's presence is necessary to "assur[e] that he properly invoke[s] any applicable Fifth Amendment right against self-incrimination." 2 Motion to Quash at 4. To be sure, a grand jury "may not force a witness to answer questions in violation of [the Fifth Amendment's] constitutional guarantee against self-incrimination," *United States v. Calandra*, 414 U.S. 338, 346 (1974), but Mr. Patel goes too far in asserting that this right would only be adequately protected if he is represented by the private counsel of his choice, who cannot be available for his scheduled testimony. While the Fifth Amendment right may serve to limit Mr. Patel's testimony, as "a grand jury witness... has an absolute duty to answer all questions, subject only to a valid Fifth Amendment claim," *see, e.g., U.S. v. Mandujano*, 425 U.S. 564, 579–81 (1976)—and, indeed, the Government does not contest that Mr. Patel may invoke that right, *see* Gov't's Opp'n at 7—no authority supports the proposition that the Fifth Amendment also confers an absolute right to counsel for grand jury witnesses. Nor does Mr. Patel identify any in his motion.

As to Mr. Patel's Sixth Amendment right to counsel, this Court does not doubt that Mr. Patel is entitled to be represented by counsel of his choice in his testimony before the grand jury, ███████████████████. *See* Gov't's Opp'n at 5. The Sixth Amendment right to counsel of choice, however, is not absolute. In the trial context, the Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151–52 (2006) (citations omitted), and thus "the right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice,'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). The same limitations on the Sixth Amendment right to counsel of choice apply in the grand jury context, assuming that a grand jury witness has the right to counsel under the Sixth Amendment at all. ███████████████████ and Mr. Patel cannot delay the investigation by refusing to engage with the government's proposals to proceed expeditiously. In communications with the government, his current counsel indicated that he expects the *Rhodes* trial to conclude "as soon as possible" ███████████████████. Testifying before a grand jury is not a game of find-or-seek-a-better-time or catch-me-if-you-can, and a witness cannot indefinitely delay a proceeding based on his counsel's convenience, particularly when that counsel is a member of a law firm with multiple lawyers, who may be made available to provide legal advice when one lawyer in the firm is unavailable.

MR. PATEL is DIRECTED to advise the Court by October 12, 2022 at 8:30 a.m. why no other lawyer at the same firm as his retained counsel or from some other firm is available to assist him during his scheduled testimony before the grand jury. Signed by Chief Judge Beryl A. Howell on October 11, 2022.

| | | | |
|---|---|---|---|
| | | | Counsel has been notified electronically.(lcbah1) (Entered: 10/11/2022) |
| ███ | | | ██████████████████████ |
| ███ | █ | | ██████████████████ |
| ███ | █ | | ██████████████████ |
| ███ | █ | | ██████████████████ |
| ███ | █ | | ██████████████████ |

4

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of Grand Jury No. 22-03 Subpoena 63-13 (September 16, 2022) ) ) KASHYOP PARMOD PATEL, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Defendant. ) ) | FILED UNDER SEAL 1:22-gj-00041-BAH |

## NOTICE OF APPEAL

Kash Patel appeals to the United States Court of Appeals for the District of Columbia Circuit from the order denying his motion to quash or modify his grand jury subpoena entered on October 11, 2022.

Dated: October 12, 2022                     Respectfully Submitted,

                                            /s/ Stanley E. Woodward, Jr.
                                            Stanley E Woodward, Jr. (D.C. Bar No. 997320)
                                            Brand Woodward Law, LP
                                            ███████
                                            ███████
                                            202-996-7447 (telephone)
                                            202-996-0113 (facsimile)
                                            Stanley@BrandWoodwardLaw.com

U.S. District Court

District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 10/11/2022 at 6:40 PM and filed on 10/11/2022

**Case Name:**     GRAND JURY NO. 22–03 SUBPOENA 63–13 (SEPTEMBER 16, 2022)
**Case Number:**   1:22-gj-00041-BAH *SEALED*
**Filer:**

**Document Number:** No document attached

**Docket Text:**
MINUTE ORDER (paperless) DENYING KASHYAP PRAMOD PATEL's [2] Motion to Quash, which was filed after business hours on Friday, October 7, 2022, before a three-day holiday weekend, and DIRECTING Mr. Patel to appear before the scheduled grand jury session on October 13, 2022 in accordance with the two-week extension the government has already granted at his request. *See* [3-1] Gov't's Opp'n at Ex. A. Mr. Patel requests a delay of some unspecified time period in his testimony because his counsel, Stanley Woodward, will be engaged in the *United States v. Rhodes* trial, Case No. 22-cr-15, scheduled to last several weeks, with no promises as to when his counsel will have time available. Mr. Patel retained Mr. Woodward on the attorney's first day of jury selection in *Rhodes* when such circumstance made fully apparent that counsel would be unavailable during Mr. Patel's scheduled grand jury testimony. In addition, the government has already demonstrated flexibility in meeting Mr. Patel's scheduling needs, including granting him a two-week extension of the grand jury subpoena to find counsel and offering to schedule Mr. Patel's testimony, with his retained counsel, during breaks in the *Rhodes* trial, including Friday afternoons or for informal interviews on weekends. *See* Gov't's Oppn at 4. All such alternatives suggested by the government have been rejected.

Mr. Patel supports his motion by reference to the First, Fifth, and Sixth Amendments. The First Amendment is of no help to this witness. The motion before the Court is a scheduling dispute: Mr. Patel merely asks to stay the subpoena "pending the conclusion of his counsel's trial." *See* [2-1] Proposed Order. Mr. Patel cites the entirely inapposite case *In re Investigation before April 1975 Grand Jury*, 531 F.2d 600, 604 (D.C. Cir. 1976), where the D.C. Circuit references the First Amendment in a case involving multiple journalists' freedom to associate to retain legal representation by one attorney. *See* [2] Motion to Quash at 4.

Mr. Patel also asserts a claim under the Fifth Amendment, arguing that his counsel's

presence is necessary to "assur[e] that he properly invoke[s] any applicable Fifth Amendment right against self-incrimination." [2] Motion to Quash at 4. To be sure, a grand jury "may not force a witness to answer questions in violation of [the Fifth Amendment's] constitutional guarantee against self-incrimination," *United States v. Calandra*, 414 U.S. 338, 346 (1974), but Mr. Patel goes too far in asserting that this right would only be adequately protected if he is represented by the private counsel of his choice, who cannot be available for his scheduled testimony. While the Fifth Amendment right may serve to limit Mr. Patel's testimony, as "a grand jury witness... has an absolute duty to answer all questions, subject only to a valid Fifth Amendment claim," *see, e.g., U.S. v. Mandujano*, 425 U.S. 564, 579-81 (1976)--and, indeed, the Government does not contest that Mr. Patel may invoke that right, *see* Gov't's Opp'n at 7--no authority supports the proposition that the Fifth Amendment also confers an absolute right to counsel for grand jury witnesses. Nor does Mr. Patel identify any in his motion.

As to Mr. Patel's Sixth Amendment right to counsel, this Court does not doubt that Mr. Patel is entitled to be represented by counsel of his choice in his testimony before the grand jury, ███████████████████████████████████. See Gov't's Opp'n at 5. The Sixth Amendment right to counsel of choice, however, is not absolute. In the trial context, the Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006) (citations omitted), and thus "the right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice,'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). The same limitations on the Sixth Amendment right to counsel of choice apply in the grand jury context, assuming that a grand jury witness has the right to counsel under the Sixth Amendment at all. ███████████████████████████████████, and Mr. Patel cannot delay the investigation by refusing to engage with the government's proposals to proceed expeditiously. In communications with the government, his current counsel indicated that he expects the *Rhodes* trial to conclude "as soon as possible" ███████████████████████████████████ ███████. Testifying before a grand jury is not a game of find-or-seek-a-better-time or catch-me-if-you-can, and a witness cannot indefinitely delay a proceeding based on his counsel's convenience, particularly when that counsel is a member of a law firm with multiple lawyers, who may be made available to provide legal advice when one lawyer in the firm is unavailable.

MR. PATEL is DIRECTED to advise the Court by October 12, 2022 at 8:30 a.m. why no other lawyer at the same firm as his retained counsel or from some other firm is available to assist him during his scheduled testimony before the grand jury. Signed by Chief Judge Beryl A. Howell on October 11, 2022.

Counsel has been notified electronically.(lcbah1)


1:22-gj-00041-BAH *SEALED* Notice has been electronically mailed to:

1:22-gj-00041-BAH *SEALED* Notice will be delivered by other means to::

REDACTED NOTICE FOLLOWS

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

U.S. District Court

District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 10/11/2022 at 6:40 PM and filed on 10/11/2022

| | |
|---|---|
| **Case Name:** | Sealed v. Sealed |
| **Case Number:** | 22-41 (Requires CM/ECF login) |
| **Filer:** | Redacted |
| **Document Number:** | No document attached |

**Docket Text:**
**Redacted due to sealed restriction. Docket text can be viewed via the unredacted NEF receipt available here.** (Requires CM/ECF login)