| | |
|---|---|
| From: | Reynolds, Brett (NSD) |
| To: | stanley@brandwoodwardlaw.com; "Howell Chambers" |
| Cc: | "Teresa Gumiel"; Edelstein, Julie (NSD); Bratt, Jay (NSD) |
| Subject: | RE: [EXTERNAL] RE: Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13) |
| Date: | Wednesday, October 12, 2022 5:17:00 PM |

Mr. Woodward,

Based on your request in your email to me yesterday evening, we've been able to adjust the grand jury schedule and move Mr. Patel to earlier in the day tomorrow. He is now scheduled to appear from 9:00-11:00 a.m.

Regards,

Brett C. Reynolds
Trial Attorney
Counterintelligence and Export Control Section
National Security Division, U.S. Department of Justice
Washington, D.C. 20530
(202) 598-2950 (office) / ▮▮▮▮▮▮ (cell)


**From:** stanley@brandwoodwardlaw.com <stanley@brandwoodwardlaw.com>
**Sent:** Wednesday, October 12, 2022 4:02 PM
**To:** 'Howell Chambers' <Howell_Chambers@dcd.uscourts.gov>
**Cc:** Reynolds, Brett (NSD) <Brett.Reynolds@usdoj.gov>; 'Teresa Gumiel' <Teresa_Gumiel@dcd.uscourts.gov>; Edelstein, Julie (NSD) <Julie.Edelstein@usdoj.gov>; Bratt, Jay (NSD) <Jay.Bratt2@usdoj.gov>
**Subject:** [EXTERNAL] RE: Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Thank you,

Stanley

**From:** Stanley Woodward <stanley@brandwoodwardlaw.com>
**Sent:** Wednesday, October 12, 2022 8:31 AM
**To:** Howell Chambers <Howell_Chambers@dcd.uscourts.gov>
**Cc:** Reynolds, Brett (NSD) <Brett.Reynolds@usdoj.gov>; Teresa Gumiel <Teresa_Gumiel@dcd.uscourts.gov>; Edelstein, Julie (NSD) <Julie.Edelstein@usdoj.gov>; Bratt, Jay (NSD) <Jay.Bratt2@usdoj.gov>
**Subject:** Re: Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13)

████████████████████████████

████████████████████████████
████████████████████████████
████████████

Thanks,

Stanley

On Tue, Oct 11, 2022 at 6:47 PM Howell Chambers <Howell_Chambers@dcd.uscourts.gov> wrote:

> Good evening,
>
> Please see the below Minute Order entered in Case No. 22-gj-41.
>
> All best,
> The Chambers of Chief Judge Howell

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered on 10/11/2022 at 6:40 PM and filed on 10/11/2022

**Case Name:**     GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)
**Case Number:**   1:22-gj-00041-BAH *SEALED*
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**MINUTE ORDER (paperless) DENYING KASHYAP PRAMOD PATEL's [2] Motion to Quash, which was filed after business hours on Friday, October 7, 2022, before a three-day holiday weekend, and DIRECTING Mr. Patel to appear before the scheduled grand jury session on October 13, 2022 in accordance with the two-week extension the government has already granted at his request. See [3-1] Gov't's Opp'n at Ex. A. Mr. Patel requests a delay of some unspecified time period in his testimony because his counsel, Stanley Woodward, will be engaged in the *United States v. Rhodes* trial, Case No. 22-**

cr-15, scheduled to last several weeks, with no promises as to when his counsel will have time available. Mr. Patel retained Mr. Woodward on the attorney's first day of jury selection in *Rhodes* when such circumstance made fully apparent that counsel would be unavailable during Mr. Patel's scheduled grand jury testimony. In addition, the government has already demonstrated flexibility in meeting Mr. Patel's scheduling needs, including granting him a two-week extension of the grand jury subpoena to find counsel and offering to schedule Mr. Patel's testimony, with his retained counsel, during breaks in the *Rhodes* trial, including Friday afternoons or for informal interviews on weekends. *See* Gov't's Oppn at 4. All such alternatives suggested by the government have been rejected.

Mr. Patel supports his motion by reference to the First, Fifth, and Sixth Amendments. The First Amendment is of no help to this witness. The motion before the Court is a scheduling dispute: Mr. Patel merely asks to stay the subpoena "pending the conclusion of his counsel's trial." *See* [2-1] Proposed Order. Mr. Patel cites the entirely inapposite case *In re Investigation before April 1975 Grand Jury*, 531 F.2d 600, 604 (D.C. Cir. 1976), where the D.C. Circuit references the First Amendment in a case involving multiple journalists' freedom to associate to retain legal representation by one attorney. *See* [2] Motion to Quash at 4.

Mr. Patel also asserts a claim under the Fifth Amendment, arguing that his counsel's presence is necessary to "assur[e] that he properly invoke[s] any applicable Fifth Amendment right against self-incrimination." [2] Motion to Quash at 4. To be sure, a grand jury "may not force a witness to answer questions in violation of [the Fifth Amendment's] constitutional guarantee against self-incrimination," *United States v. Calandra*, 414 U.S. 338, 346 (1974), but Mr. Patel goes too far in asserting that this right would only be adequately protected if he is represented by the private counsel of his choice, who cannot be available for his scheduled testimony. While the Fifth Amendment right may serve to limit Mr. Patel's testimony, as "a grand jury witness... has an absolute duty to answer all questions, subject only to a valid Fifth Amendment claim," *see, e.g., U.S. v. Mandujano*, 425 U.S. 564, 579-81 (1976)--and, indeed, the Government does not contest that Mr. Patel may invoke that right, *see* Gov't's Opp'n at 7--no authority supports the proposition that the Fifth Amendment also confers an absolute right to counsel for grand jury witnesses. Nor does Mr. Patel identify any in his motion.

As to Mr. Patel's Sixth Amendment right to counsel, this Court does not doubt that Mr. Patel is entitled to be represented by counsel of his choice in his testimony before the grand jury, ███████████████████████
███ *See* Gov't's Opp'n at 5. The Sixth Amendment right to counsel of choice, however, is not absolute. In the trial context, the Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006) (citations omitted), and thus "the right 'cannot be

insisted upon in a manner that will obstruct an orderly procedure in courts of justice,'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). The same limitations on the Sixth Amendment right to counsel of choice apply in the grand jury context, assuming that a grand jury witness has the right to counsel under the Sixth Amendment at all. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Mr. Patel cannot delay the investigation by refusing to engage with the government's proposals to proceed expeditiously. In communications with the government, his current counsel indicated that he expects the *Rhodes* trial to conclude "as soon as possible" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Testifying before a grand jury is not a game of find-or-seek-a-better-time or catch-me-if-you-can, and a witness cannot indefinitely delay a proceeding based on his counsel's convenience, particularly when that counsel is a member of a law firm with multiple lawyers, who may be made available to provide legal advice when one lawyer in the firm is unavailable.

MR. PATEL is DIRECTED to advise the Court by October 12, 2022 at 8:30 a.m. why no other lawyer at the same firm as his retained counsel or from some other firm is available to assist him during his scheduled testimony before the grand jury. Signed by Chief Judge Beryl A. Howell on October 11, 2022.

Counsel has been notified electronically.(lcbah1)

---

**From:** Reynolds, Brett (NSD) <Brett.Reynolds@usdoj.gov>
**Sent:** Tuesday, October 11, 2022 12:50 PM
**To:** stanley@brandwoodwardlaw.com; Howell Chambers <Howell_Chambers@dcd.uscourts.gov>; Teresa Gumiel <Teresa_Gumiel@dcd.uscourts.gov>
**Cc:** Edelstein, Julie (NSD) <Julie.Edelstein@usdoj.gov>; Bratt, Jay (NSD) <Jay.Bratt2@usdoj.gov>
**Subject:** Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13)

CAUTION - EXTERNAL:

Chambers and Ms. Gumiel,

Attached please find the government's opposition to the motion to compel filed by Mr. Woodward below on Friday. As reflected in the caption, we do not yet know the GJ number that has been assigned to this docket.

Please let me know if you have any questions.

Regards,

Brett C. Reynolds
Trial Attorney
Counterintelligence and Export Control Section
National Security Division, U.S. Department of Justice
Washington, D.C. 20530
(202) 598-2950 (office) / ███████████ (cell)

**From:** stanley@brandwoodwardlaw.com <stanley@brandwoodwardlaw.com>
**Sent:** Friday, October 7, 2022 6:43 PM
**To:** Howell_Chambers@dcd.uscourts.gov
**Cc:** Reynolds, Brett (NSD) <Brett.Reynolds@usdoj.gov>
**Subject:** [EXTERNAL] Motion to Quash Grand Jury Subpoena

Chambers and government counsel – it is our understanding that the Court prefers motions related to grand jury subpoenas to be filed directly with the Court. Accordingly, attached please find a motion for leave to seal, a proposed sealing order, a motion to quash, a proposed order related thereto, and the motions exhibits. Should the Court prefer filing of the same be accomplished in another matter or should the Court need any additional information please do not hesitate to ask.

Thank you,

Stanley

**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
███████████ (m)
+1.202.996.0113 (f)

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

--

**Brand | Woodward**
www.brandwoodwardlaw.com

+1.202.996.7447 (o)
▮▮▮▮▮▮▮▮ (m)
+1.202.996.0113 (f)

**From:** stanley@brandwoodwardlaw.com
**To:** Reynolds, Brett (NSD)
**Subject:** [EXTERNAL] FW: Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13)
**Date:** Tuesday, October 11, 2022 8:09:48 PM

▓▓▓ To that end, if the government is still amenable to adjusting the schedule of Mr. Patel's appearance, he could do so on Friday afternoon, October 28, 2022, when I'm not sitting in the Rhodes trial ▓▓▓

▓▓▓ If not, would the government be amenable to Mr. Patel's appearing earlier in the day on Thursday? ▓▓▓ So you know, my expectation is that he will invoke the fifth amendment on Thursday. ▓▓▓

Thanks,

Stanley

**From:** Howell Chambers <Howell_Chambers@dcd.uscourts.gov>
**Sent:** Tuesday, October 11, 2022 6:48 PM
**To:** Reynolds, Brett (NSD) <Brett.Reynolds@usdoj.gov>; stanley@brandwoodwardlaw.com; Howell Chambers <Howell_Chambers@dcd.uscourts.gov>; Teresa Gumiel <Teresa_Gumiel@dcd.uscourts.gov>
**Cc:** Edelstein, Julie (NSD) <Julie.Edelstein@usdoj.gov>; Bratt, Jay (NSD) <Jay.Bratt2@usdoj.gov>
**Subject:** RE: Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13)

Good evening,

Please see the below Minute Order entered in Case No. 22-gj-41.

All best,
The Chambers of Chief Judge Howell

**NOTE: This docket entry (or case) is SEALED. Do not allow it to be seen by unauthorized persons.**

U.S. District Court

District of Columbia

## Notice of Electronic Filing

The following transaction was entered on 10/11/2022 at 6:40 PM and filed on 10/11/2022

**Case Name:** GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)
**Case Number:** 1:22-gj-00041-BAH *SEALED*
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**MINUTE ORDER (paperless) DENYING KASHYAP PRAMOD PATEL's [2] Motion to Quash, which was filed after business hours on Friday, October 7, 2022, before a three-day holiday weekend, and DIRECTING Mr. Patel to appear before the scheduled grand jury session on October 13, 2022 in accordance with the two-week extension the government has already granted at his request.** See [3-1] Gov't's Opp'n at Ex. A. Mr. Patel requests a delay of some unspecified time period in his testimony because his counsel, Stanley Woodward, will be engaged in the *United States v. Rhodes* trial, Case No. 22-cr-15, scheduled to last several weeks, with no promises as to when his counsel will have time available. Mr. Patel retained Mr. Woodward on the attorney's first day of jury selection in *Rhodes* when such circumstance made fully apparent that counsel would be unavailable during Mr. Patel's scheduled grand jury testimony. In addition, the government has already demonstrated flexibility in meeting Mr. Patel's scheduling needs, including granting him a two-week extension of the grand jury subpoena to find counsel and offering to schedule Mr. Patel's testimony, with his retained counsel, during breaks in the *Rhodes* trial, including Friday afternoons or for informal interviews on weekends. See Gov't's Oppn at 4. All such alternatives suggested by the government have been rejected.

Mr. Patel supports his motion by reference to the First, Fifth, and Sixth Amendments. The First Amendment is of no help to this witness. The motion before the Court is a scheduling dispute: Mr. Patel merely asks to stay the subpoena "pending the conclusion of his counsel's trial." See [2-1] Proposed Order. Mr. Patel cites the entirely inapposite case *In re Investigation before April 1975 Grand Jury*, 531 F.2d 600, 604 (D.C. Cir. 1976), where the D.C. Circuit references the First Amendment in a case involving multiple journalists' freedom to associate to retain legal representation by one attorney. See [2] Motion to Quash at 4.

Mr. Patel also asserts a claim under the Fifth Amendment, arguing that his counsel's presence is necessary to "assur[e] that he properly invoke[s] any applicable Fifth Amendment right against self-incrimination." [2] Motion to Quash at 4. To be sure, a grand jury "may not force a witness to answer

questions in violation of [the Fifth Amendment's] constitutional guarantee against self-incrimination," *United States v. Calandra*, 414 U.S. 338, 346 (1974), but Mr. Patel goes too far in asserting that this right would only be adequately protected if he is represented by the private counsel of his choice, who cannot be available for his scheduled testimony. While the Fifth Amendment right may serve to limit Mr. Patel's testimony, as "a grand jury witness... has an absolute duty to answer all questions, subject only to a valid Fifth Amendment claim," *see, e.g., U.S. v. Mandujano*, 425 U.S. 564, 579-81 (1976)--and, indeed, the Government does not contest that Mr. Patel may invoke that right, *see* Gov't's Opp'n at 7--no authority supports the proposition that the Fifth Amendment also confers an absolute right to counsel for grand jury witnesses. Nor does Mr. Patel identify any in his motion.

As to Mr. Patel's Sixth Amendment right to counsel, this Court does not doubt that Mr. Patel is entitled to be represented by counsel of his choice in his testimony before the grand jury, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮ *See* Gov't's Opp'n at 5. The Sixth Amendment right to counsel of choice, however, is not absolute. In the trial context, the Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006) (citations omitted), and thus "the right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice,'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). The same limitations on the Sixth Amendment right to counsel of choice apply in the grand jury context, assuming that a grand jury witness has the right to counsel under the Sixth Amendment at all. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and Mr. Patel cannot delay the investigation by refusing to engage with the government's proposals to proceed expeditiously. In communications with the government, his current counsel indicated that he expects the *Rhodes* trial to conclude "as soon as possible" ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮. Testifying before a grand jury is not a game of find-or-seek-a-better-time or catch-me-if-you-can, and a witness cannot indefinitely delay a proceeding based on his counsel's convenience, particularly when that counsel is a member of a law firm with multiple lawyers, who may be made available to provide legal advice when one lawyer in the firm is unavailable.

MR. PATEL is DIRECTED to advise the Court by October 12, 2022 at 8:30 a.m. why no other lawyer at the same firm as his retained counsel or from some other firm is available to assist him during his scheduled testimony before the grand jury. Signed by Chief Judge Beryl A. Howell on October 11, 2022.

Counsel has been notified electronically.(lcbah1)

**From:** Reynolds, Brett (NSD) <Brett.Reynolds@usdoj.gov>
**Sent:** Tuesday, October 11, 2022 12:50 PM
**To:** stanley@brandwoodwardlaw.com; Howell Chambers <Howell_Chambers@dcd.uscourts.gov>; Teresa Gumiel <Teresa_Gumiel@dcd.uscourts.gov>
**Cc:** Edelstein, Julie (NSD) <Julie.Edelstein@usdoj.gov>; Bratt, Jay (NSD) <Jay.Bratt2@usdoj.gov>
**Subject:** Sealed GJ Filing - Government Response to Motion to Quash (In Re GJ Subpoena 63-13)

**CAUTION - EXTERNAL:**

Chambers and Ms. Gumiel,

Attached please find the government's opposition to the motion to compel filed by Mr. Woodward below on Friday. As reflected in the caption, we do not yet know the GJ number that has been assigned to this docket.

Please let me know if you have any questions.

Regards,

Brett C. Reynolds
Trial Attorney
Counterintelligence and Export Control Section
National Security Division, U.S. Department of Justice
Washington, D.C. 20530
(202) 598-2950 (office) / ▇▇▇▇▇▇▇ (cell)


**From:** stanley@brandwoodwardlaw.com <stanley@brandwoodwardlaw.com>
**Sent:** Friday, October 7, 2022 6:43 PM
**To:** Howell_Chambers@dcd.uscourts.gov
**Cc:** Reynolds, Brett (NSD) <Brett.Reynolds@usdoj.gov>
**Subject:** [EXTERNAL] Motion to Quash Grand Jury Subpoena

Chambers and government counsel – it is our understanding that the Court prefers motions related to grand jury subpoenas to be filed directly with the Court. Accordingly, attached please find a motion for leave to seal, a proposed sealing order, a motion to quash, a proposed order related thereto, and the motions exhibits. Should the Court prefer filing of the same be accomplished in another matter or should the Court need any additional information please do not hesitate to ask.

Thank you,

Stanley

**Brand | Woodward**
www.brandwoodwardlaw.com
+1.202.996.7447 (o)
███████████ (m)
+1.202.996.0113 (f)

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.