APPEAL,Sealed_Case

# U.S. District Court
## District of Columbia (Washington, DC)
### CIVIL DOCKET FOR CASE #: 1:22-gj-00041-JEB *SEALED*

GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)
Assigned to: Chief Judge James E. Boasberg
Cause: No cause code entered

Date Filed: 10/07/2022

**In Re**

**GRAND JURY NO. 22-03 SUBPOENA 63-13 (SEPTEMBER 16, 2022)**

**Interested Party**

**KASHYAP PRAMOD PATEL**   represented by   **Stanley Edmund Woodward , Jr.**
BRAND WOODWARD LAW, LP
400 Fifth Street, Northwest
Washington, DC 20001
202-996-7447
Fax: 202-996-0113
Email: stanley@brandwoodwardlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**UNITED STATES OF AMERICA**   represented by   **Brett Clarence Reynolds**
U.S. DEPARTMENT OF JUSTICE
Counterintelligence and Export Control Section
950 Pennsylvania Avenue NW
Washington, DC 20530
202-233-2113
Email: brett.reynolds@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jay I. Bratt**
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
555 Fourth Street, NW
11th Floor
Washington, DC 20530
(202) 252-7789
Email: jay.bratt2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John M. Pellettieri**
Special Counsel's Office

950 Pennsylvania Avenue NW  
Rm. B-206  
Washington, DC 20530  
202-714-3913  
Email: john.pellettieri@usdoj.gov  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Julie Edelstein**  
U.S. DEPARTMENT OF JUSTICE  
950 Pennsylvania Avenue, NW  
Washington, DC 20530  
202-233-2260  
Email: jedelstein@wiggin.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Interested Party**

**WALTINE NAUTA** represented by **Stanley Edmund Woodward , Jr.**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/07/2022 | 1 | MOTION for Leave to File Under Seal by KASHYAP PRAMOD PATEL. (Attachments: # 1 Text of Proposed Order, # 2 Motion to Quash Subpoena, # 3 Text of Proposed Order, # 4 Exhibit A, # 5 Exhibit B)(zstd) (Entered: 10/11/2022) |
| 10/11/2022 |  | MINUTE ORDER GRANTING 1 Motion for Leave to File Under Seal. Signed by Chief Judge Beryl A. Howell on October 11, 2022. Counsel has been notified electronically.(lcbah4) Modified to correct title on 10/11/2022 (ztg). (Entered: 10/11/2022) |
| 10/11/2022 | 2 | MOTION to Quash by KASHYAP PRAMOD PATEL. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit A, # 3 Exhibit B)(zstd) (Entered: 10/11/2022) |
| 10/11/2022 | 3 | Memorandum in opposition to re 2 Motion to Quash filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A)(zstd) (Entered: 10/11/2022) |
| 10/11/2022 |  | MINUTE ORDER (paperless) DENYING KASHYAP PRAMOD PATEL's 2 Motion to Quash, which was filed after business hours on Friday, October 7, 2022, before a three-day holiday weekend, and DIRECTING Mr. Patel to appear before the scheduled grand jury session on October 13, 2022 in accordance with the two-week extension the government has already granted at his request. See [3-1] Gov't's Opp'n at Ex. A. Mr. Patel requests a delay of some unspecified time period in his testimony because his counsel, Stanley Woodward, will be engaged in the *United States v. Rhodes* trial, Case No. 22-cr-15, scheduled to last several weeks, with no promises as to when his counsel will have time available. Mr. Patel retained Mr. Woodward on the attorney's first day of jury selection in *Rhodes* when such circumstance made fully apparent that counsel would be unavailable during Mr. Patel's scheduled grand jury testimony. In addition, the government has already demonstrated flexibility in meeting Mr. Patel's scheduling needs, including granting him a two-week extension of the grand jury subpoena to find counsel and offering to schedule Mr. Patel's testimony, with his retained counsel, during breaks in the *Rhodes* trial, including Friday afternoons or for informal interviews on |

weekends. *See* Gov't's Opp'n at 4. All such alternatives suggested by the government have been rejected.

Mr. Patel supports his motion by reference to the First, Fifth, and Sixth Amendments. The First Amendment is of no help to this witness. The motion before the Court is a scheduling dispute: Mr. Patel merely asks to stay the subpoena "pending the conclusion of his counsel's trial." *See* [2-1] Proposed Order. Mr. Patel cites the entirely inapposite case *In re Investigation before April 1975 Grand Jury*, 531 F.2d 600, 604 (D.C. Cir. 1976), where the D.C. Circuit references the First Amendment in a case involving multiple journalists' freedom to associate to retain legal representation by one attorney. *See* 2 Motion to Quash at 4.

Mr. Patel also asserts a claim under the Fifth Amendment, arguing that his counsel's presence is necessary to "assur[e] that he properly invoke[s] any applicable Fifth Amendment right against self-incrimination." 2 Motion to Quash at 4. To be sure, a grand jury "may not force a witness to answer questions in violation of [the Fifth Amendment's] constitutional guarantee against self-incrimination," *United States v. Calandra*, 414 U.S. 338, 346 (1974), but Mr. Patel goes too far in asserting that this right would only be adequately protected if he is represented by the private counsel of his choice, who cannot be available for his scheduled testimony. While the Fifth Amendment right may serve to limit Mr. Patel's testimony, as "a grand jury witness... has an absolute duty to answer all questions, subject only to a valid Fifth Amendment claim," *see, e.g.*, *U.S. v. Mandujano*, 425 U.S. 564, 579-81 (1976)--and, indeed, the Government does not contest that Mr. Patel may invoke that right, *see* Gov't's Opp'n at 7--no authority supports the proposition that the Fifth Amendment also confers an absolute right to counsel for grand jury witnesses. Nor does Mr. Patel identify any in his motion.

As to Mr. Patel's Sixth Amendment right to counsel, this Court does not doubt that Mr. Patel is entitled to be represented by counsel of his choice in his testimony before the grand jury, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See* Gov't's Opp'n at 5. The Sixth Amendment right to counsel of choice, however, is not absolute. In the trial context, the Supreme Court has "recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151-52 (2006) (citations omitted), and thus "the right 'cannot be insisted upon in a manner that will obstruct an orderly procedure in courts of justice,'" *United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978) (quoting *Lee v. United States*, 235 F.2d 219, 221 (D.C. Cir. 1956)). The same limitations on the Sixth Amendment right to counsel of choice apply in the grand jury context, assuming that a grand jury witness has the right to counsel under the Sixth Amendment at all. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, and Mr. Patel cannot delay the investigation by refusing to engage with the government's proposals to proceed expeditiously. In communications with the government, his current counsel indicated that he expects the *Rhodes* trial to conclude "as soon as possible" ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Testifying before a grand jury is not a game of find-or-seek-a-better-time or catch-me-if-you-can, and a witness cannot indefinitely delay a proceeding based on his counsel's convenience, particularly when that counsel is a member of a law firm with multiple lawyers, who may be made available to provide legal advice when one lawyer in the firm is unavailable.

MR. PATEL is DIRECTED to advise the Court by October 12, 2022 at 8:30 a.m. why no other lawyer at the same firm as his retained counsel or from some other firm is

available to assist him during his scheduled testimony before the grand jury. Signed by Chief Judge Beryl A. Howell on October 11, 2022.

Counsel has been notified electronically.(lcbahl) (Entered: 10/11/2022)

| | | |
|---|---|---|
| ■ | ■ ■ | |
| ■ | ■ ■ | |
| ■ | ■ ■ | |
| ■ | ■ ■ | |
| ■ | ■ ■ | |
| ■ | ■ ■ | |

| 10/13/2022 | | MINUTE ORDER (paperless) DENYING KASHYAP PRAMOD PATEL's 6 Motion for Stay, which was submitted to chambers after business hours on October 12, 2022. Patel attempts to cast the October 11, 2022 Order denying his motion to quash his grand jury subpoena as forcing him to provide grand jury testimony without his counsel of choice. This is a gross mischaracterization that ignores the flexibility shown by the government not only by postponing this witness's scheduled appearance before the grand jury for two weeks to facilitate his retention of counsel, but also extending the courtesy to Patel of offering to schedule his testimony early in the mornings or on Friday afternoons or to interview him over the weekend, when his counsel's ongoing trial is adjourned. All these offers to accommodate were rejected by Patel, who instead seeks to delay his testimony indefinitely. That is unacceptable and borders on the contemptuous, given that Patel has been ordered to appear before the grand jury today as previously scheduled weeks ago.<br><br>Now, Patel requests that this Court stay its Order until such time that he appeals that Order to the Court of Appeals for the D.C. Circuit and files a motion for a stay with that court. The law is well settled, however, that "one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena," such as the Order at issue here, "but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt on account of his failure to obey." *United States v. Ryan*, 402 U.S. 530, 532 (1971) (citing *Cobbledick v. United States*, 309 U.S. 323 (1940)); *see also In re Sealed Case*, 162 F.3d 670, 673 (D.C. Cir. 1998) (explaining same as "[w]ell-settled law"); *In re Sealed Case*, 754 F.2d 395, 399 (D.C. Cir. 1985) ("An order in an ongoing proceeding to compel testimony...ordinarily is not appealable unless the party to whom it is addressed refuses to respond and is held in contempt."); *In re Grand Jury Investigation*, 966 F.3d 991, 994 (9th Cir. 2020) (same); *In re Grand Jury Subpoenas*, 974 F.3d 842, 843-44 (8th Cir. 2020) (same); *In re Grand Jury*, 705 F.3d 133, 143 (3d Cir. 2012) (same). Patel therefore has no right to appeal this Court's October 11, 2022 Order, and accordingly cannot possibly meet his burden of establishing that a stay is warranted. *See Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting that a court entertaining a motion to stay must consider "whether the stay application has made a strong showing that his is likely to succeed on the merits," |

| | | |
|---|---|---|
| | | among other factors). Consequently, Patel's motion for a stay to pursue a wholly premature appeal is denied. Signed by Chief Judge Beryl A. Howell on October 13, 2022. Counsel has been notified electronically.(lcbah4) (Entered: 10/13/2022) |
| 10/18/2022 | 9 | MOTION to Compel Grand Jury Testimony by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit 1- Email Correspondence, # 2 Exhibit 2- Transcript 22-6 10-13-22, # 3 Exhibit 3- GJ Exhibit 1, # 4 Exhibit 4- GJ Exhibit 2, # 5 Exhibit 5- GJ Exhibit 3, # 6 Exhibit 6- GJ Exhibit 4, # 7 Exhibit 7- GJ Exhibit 5)(zstd) (Entered: 10/18/2022) |
| 10/18/2022 | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the Government's 9 Motion to Compel Grand Jury Testimony, KASHYAP PRAMOD PATEL to file any opposition by October 20, 2022 at 10am, and further DIRECTING the parties to take notice that a Motion Hearing on the Government's 9 Motion to Compel Grand Jury Testimony is scheduled for Friday, October 21, 2022 at 1:30 PM in Courtroom 22A- In Person before Chief Judge Beryl A. Howell. The in-person presence of Mr. PATEL is required. Signed by Chief Judge Beryl A. Howell on October 18, 2022. Counsel has been notified electronically.(lcbah1) (Entered: 10/18/2022) |
| 10/18/2022 | | Set/Reset Deadlines/Hearings: KASHYAP PRAMOD PATEL's opposition, if any, to the Government's 9 Motion to Compel Grand Jury Testimony due by 10/20/2022; Motion Hearing scheduled for 10/21/2022, at 1:30 PM in Courtroom 22A- In Person before Chief Judge Beryl A. Howell. (ztg) (Entered: 10/18/2022) |
| ■ | ■ | ■ |
| ■ | ■ | ■ |
| ■ | | ■ |
| 10/20/2022 | 12 | Memorandum in opposition to re 9 Motion to Compel Certain Grand Jury Testimony filed by KASHYAP PRAMOD PATEL. (zstd) (Entered: 10/20/2022) |
| 10/20/2022 | | EX PARTE MINUTE ORDER (paperless) DIRECTING KASHYAP PRAMOD PATEL to submit to the Court, ex parte, by 8 AM on October 21, 2022, a proffer as to the specific bases, if any, for his past and/or planned assertions of his Fifth Amendment privilege against self-incrimination before the grand jury ■■■ Signed by Chief Judge Beryl A. Howell on 10/20/2022. Counsel has been notified electronically.(ztg) (Entered: 10/20/2022) |
| 10/20/2022 | | EX PARTE MINUTE ORDER (paperless), DIRECTING that, by October 20, 2022 at 7 PM, the GOVERNMENT advise the Court, ex parte, whether the government anticipates obtaining limited use immunity, under 18 U.S.C. §§ 6002-03, for the testimony of Kashyap Pramod Patel before the grand jury, if this witness establishes reasonable cause to assert a valid Fifth Amendment privilege as to questions concerning ■■■ Signed by Chief Judge |

| | | |
|---|---|---|
| | | Beryl A. Howell on 10/20/2022. Counsel has been notified electronically.(ztg) (Entered: 10/20/2022) |
| 10/21/2022 | | MINUTE ORDER (paperless) GRANTING, upon the government obtaining an order from the Court, pursuant to 18 U.S.C. §§ 6002, 6003, ██████████████████████████████████████████████████ the government's 9 Motion to Compel the witness KASHYAP PRAMOD PATEL to appear again before the grand jury on Thursday, October 27, 2022 or Thursday, November 3, 2022, per the parties' agreement, to answer all questions put to him fully, completely, and truthfully. Signed by Chief Judge Beryl A. Howell on October 21, 2022. Counsel has been notified electronically.(lcbah1) (Entered: 10/21/2022) |
| 10/21/2022 | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Motion Hearing held on 10/21/2022 re 9 MOTION to Compel filed by UNITED STATES OF AMERICA. (Court Reporter Elizabeth Saint-Loth.) (ztg) (Entered: 10/21/2022) |
| 10/24/2022 | 14 | APPLICATION for Immunity filed by UNITED STATES OF AMERICA. (Attachments: # 1 Exhibit A- Toscas Letter, # 2 Exhibit B- Deckaration in Support of Application for Immunity Order, # 3 Exhibit Immunity Order)(zstd) (Entered: 10/25/2022) |
| 10/25/2022 | 15 | BRIEF IN RESPONSE re 14 Application for Immunity Order filed by KASHYAP PRAMOD PATEL. (zstd) (Entered: 10/25/2022) |
| 10/25/2022 | 16 | RESPONSE re 15 Application for Immunity Order filed by UNITED STATES OF AMERICA. (zhsj) (Entered: 10/25/2022) |
| 11/01/2022 | 17 | MOTION to Withdraw 14 Application for Immunity by UNITED STATES OF AMERICA. (zstd) (Entered: 11/02/2022) |
| 11/01/2022 | 18 | APPLICATION for Immunity Order filed by UNITED STATES OF AMERICA. (Attachments: # 1 Declaration in Support of Application for Immunity Order, # 2 Daag Letter, # 3 Immunity Order)(zstd) (Entered: 11/02/2022) |
| 11/02/2022 | | MINUTE ORDER (paperless) GRANTING the government's 17 Motion to Withdraw its 14 Application for Immunity, without prejudice to the re-filing of a similar application. Signed by Chief Judge Beryl A. Howell on November 2, 2022. Counsel has been notified electronically.(lcbah1) (Entered: 11/02/2022) |
| ██████ | ██ | ██████████████████████████████████████ |
| ██████ | ██ | ██████████████████████████████████████ |
| ██████ | | ██████████████████████████████████████ |

| | | |
|---|---|---|
| ███ | | ███ |
| ███ | ■ | ███ |
| ███ | | ███ |
| ███ | ■ | ███ |
| ███ | ■ | ███ |
| ███ | ■ | ███ |